In re Estate of Bagger.

---

## In re ESTATE OF BAGGER.

1. **Appeal:** PERFECT RECORD: PRESUMPTION. Where the abstract purports to contain the entire record, and the appellees file an additional abstract setting out additional evidence, but do not deny that the two abstracts together show all the evidence, it must be presumed that they do; and a motion to dismiss on the ground that they do not must be overruled.

2. **Appeal:** BY EXECUTOR: FROM ORDER SETTING ASIDE SALE OF LAND. Where an executor has made a sale of real estate which in his opinion was authorized and required by the will, he has a right to appeal from an order setting it aside. (See opinion for authorities.)

3.  **Estates of Decedents:** SALE OF REAL ESTATE UNDER WILL: SETTING ASIDE.  Section 2396 of the Code, allowing heirs to prevent the sale of real estate by giving security for the payment of all claims against the. estate, does not apply to cases where the will directs the executor to sell the real estate and distribute the proceeds.  In such case the will of the testator controls, even though the heirs who seek to prevent the sale by giving such security are the sole beneficiaries under the will.  Accordingly, where the will directed the executor to sell the real estate without order or approval of court, and to distribute the proceeds as directed in the will, and a private sale was made after published notice, and for full value, *held* that it was error for the court to set it aside upon motion of the sole beneficiaries upon their giving bonds for the payment of all claims and the costs of administration. [ROTHROCK, J., *dissenting.*]

4.  ———: ———: ———: PARTIES.  Where real estate has been sold by an executor under powers conferred by the will, it is error to set aside the sale after the lapse of more than six months, and after the purchase price presumably has been paid, without making the purchasers parties to the proceeding.  (See *Shear v. Green,* 73 Iowa, 609; Code, sec. 2551.)

*Appeal from Franklin District Court.*—HON. J. L. STEVENS, Judge.

FILED, JUNE 6, 1889.

APPLICATION to set aside an executor's sale of real estate.  The application was granted, and the executor appeals.

*Daniel Eiler,* for appellant.

*J. H. Scales,* for appellees.

ROBINSON, J.— Grietje Bagger died testate in June, 1886.  On the twelfth day of the next December, her will was duly admitted to probate by the circuit court of Franklin county.  That action has never been set aside, and the will is in full force.  It provides for the payment of all debts of decedent, directs the payment of nominal sums to two of her children, bequeaths to Lina Auen all the household goods and furniture and all other personal property, excepting moneys and credits, and the sum of five hundred dollars.  It then

"devises all the rest and residue of the estate to Berend Bagger and Lina Auen, children of the testatrix, share and share alike, to be paid them by the executor." The last paragraph of the will is as follows: "I hereby appoint and designate Daniel Eiler, of Ackley, Iowa, to be the executor of this, my last will and testament, and exempt him from giving bonds as such; and, as such executor, I give him full power over, and control of, my entire estate, both real and personal, and direct that he, as soon as may be after my decease, turn over and deliver to my daughter, Lina Auen, the personal property bequeathed to her in item 3 of this will. And I hereby empower and authorize my said executor to sell all of the real estate of which I may die seized, on such terms as may be to the best interest of my estate; and I direct that my executor do sell my real estate within two years from the date of the probate of this will, if such sale can be made without sacrifice, and, if not, then as soon thereafter as possible, that my estate may be settled up and closed with as little delay as cannot be avoided; and this will shall be held a sufficient power and authority to my executor to make such sale of my real estate, and he shall not be required to procure any order of any court prior to the making of such sale, nor procure the approval of any court of any sale by him made under, and in pursuance of, the provisions of this will." Eiler duly qualified as executor. On the eighteenth day of March, 1887, he filed an inventory, showing that no personal property, moneys or credits of decedent had come into his hands. On the seventh day of December, 1887, he filed his report, which shows as follows: "That he is chargeable with the sum of eight hundred and seventy-five dollars, being the proceeds of the sale of the real estate of the said decedent to Eggert & Thoren on May 24, 1887 [here is set out a description of the premises sold]; the said price, paid therefor by said Eggert & Thoren, being the highest bid for said real estate." On the twelfth day of the same month Berend Bagger and Lina Auen filed their motion to set aside the sale, supporting it with affidavits. They also

filed a bond, with approved security, for the payment of claims against the estate. Counter-affidavits were filed and witnesses were examined on the part of the executor. The court adjudged that the sale in question be set aside, and that the title thereto of Eggert & Thoren be held for naught; that B. Bagger and Lina Auen take the title to said real estate upon payment of all claims that may be allowed against the estate, including executor's and all court costs.

I. Appellees have filed a motion to dismiss the appeal, based upon two grounds. The *first* is that the abstract and additional abstract do not show that they contain all the evidence introduced and offered on the trial. That would not be a sufficient reason for dismissing the appeal, if true; but the claim is not sustained by the record. The abstract shows that a bill of exceptions was filed, and that it is made from the bill of exceptions and the record, and contains the entire record. The additional abstract of appellees sets out additional evidence, but does not deny that the two abstracts together show all the evidence introduced and the full record of the case. We must, therefore, conclude that it is fully presented.

1. APPEAL: perfect record: presumption.

II. The *second* ground of the motion is that the appeal is from no order that affects any interest of either the creditors or legatees, or of any other person having the right to a review of the questions in the case. It is the duty of the executor to carry into effect the provisions of the will. If a court make an erroneous order, or render an improper judgment, in regard to the administration of the estate, it is his right to have it reviewed. If he has made a sale authorized and required by the will, he has a right to appeal from the order setting it aside. We are of the opinion that the executor has a right to maintain this appeal. *In re Estate of McCune*, 76 Mo. 205; *In re Estate of Bellows*, 14 Atl. Rep. 697; *Ruch v. Biery*, 11 N. E. Rep. 314. The motion to dismiss is overruled.

2. APPEAL: by executor: from order setting aside sale of land.

In re Estate of Bagger.

III. The premises in controversy are situated in Franklin county, near the town of Ackley. The executor published in the Ackley Tribune,—a

8. ESTATES of decedents: sale of real estate under will: setting aside.

paper of general circulation in Harden, Franklin, Butler and Grundy counties,— for three successive weeks in January, 1887, a notice that the property would be sold at private sale to the best bidder. It appears to have been sold for its full value. The provisions of the will, taken together, show an intent on the part of the testatrix to have the real estate sold, and the executor acted within the provisions of the will in making the sale. Under these circumstances, the district court had no authority to set aside the sale. It is said that the right to do so is conferred by section 2396 of the Code; but an examination of the provisions of the statute with which it is connected shows that the sale to which that section refers is one proposed to pay the debts and charges against the estate. A sale for any other purpose, made to carry into effect the will of the testator, is not within the meaning and purpose of that section. The testatrix had the right to prevent the appellees from deriving any interest in her estate. It was her right to devise to them the land in controversy, without condition, and it was also her right to limit the benefit they should derive to a portion of the proceeds of a sale thereof. Her will shows that she desired to adopt the course last mentioned, and her interest must be carried into effect. Schouler, Wills, sec. 466, *et seq.* Appellees have no right to set aside the provisions of the will, and to have the estate distributed in a manner not authorized by the testatrix. The fact that they are the sole beneficiaries of the will, and that they are dissatisfied with the disposition of the estate made by decedent, is immaterial. They cannot substitute their plan for hers, but must permit the executor to discharge his duties according to the terms of the will. *Tracy v. Murray*, 49 Mich. 37.

IV. Another objection to the order of the district court is that it attempted to set aside a sale of real estate, and

In re Estate of Bagger.

4. ——: ——: ——: parties. the title thereby conferred, .without requiring the purchasers to be made parties to the proceedings. The sale was made on the twenty-fourth day of May, 1887, and the presumption is that the purchase price was then paid to the executor. The application to set aside the sale, and the offer to give bond for payment of all claims against the estate, were not made until December 12, 1887. Whether the application and offer, if otherwise authorized, were made in due time, is a question not discussed by counsel, and not decided by us. But it would be improper and unjust to make an order affecting the title of persons not in court, under the circumstances of this case. The order would be of no force as to their interests in the. property, and should not be made. *Shear v. Green*, 73 Iowa, 690, and cases cited; Code, sec. 2551.

Counsel for appellant discusses the right of appellees' to obtain the relief they seek by motion. Some of the issues they sought to raise were undoubtedly of a character to be determined only upon a trial of issues joined by proper pleadings; but, since the views we have expressed are decisive of the case as presented to us, we do not find it necessary to further examine the question discussed.                                      REVERSED.

ROTHROCK, J. (*dissenting*).—The defendants are the only parties interested in the real estate in question. They offered to pay all obligations against the estate and retain the property, and they actually deposited in court a sum of money sufficient to satisfy all claims filed and all costs, including the fees due to the executor. The sale of the land had not been approved, and the executor had no real interest in the controversy. It is no prejudice to him to disapprove and set aside the sale. He knew before the sale that the defendants did not want the land sold. With this knowledge he proceeded to make a private sale, upon what should be regarded as very insufficient notice. Both of the defendants testified that the sale was made without their knowledge, which is not denied by the executor. In view of all these facts,

and the general scope and power given to the district court in probate matters, it seems to me that the order of the court should not be disturbed, and that, instead of forcing these defendants to acquiesce in a sale to which they object, the executor should be ordered to consult with them as to purchase price before consummating any sale. It may be that the court was of opinion that the real estate market was such that a sale should not be forced at the present time. If so, this was a good reason why the sale should not be approved; and another reason, and a very good one, was that the purchasers, or one of them, was active as a witness in endeavoring to have the sale approved.