IVEN FEASTER v. JAMES FAGAN ET AL., Defendants; E. D. FAGAN and L. L. FAGAN, Defendants and Appellants; A. D. LONG, Administrator, Intervener and Appellant.

**Estates of decedents:** SALE BY EXECUTOR: APPROVAL.   Where an
1   executor is directed by the terms of a will to sell the estate property and distribute the proceeds, he has no discretion in the matter, and since his power is derived from the will a conveyance by him need not be approved by the court to give it validity.

**Same:** .EXTENT OF INTEREST CONVEYED.   The question of whether a
2   conveyance by an executor, directed by the will to sell the estate property ·in which he also has an individual interest, passes the entire title or simply his individual interest, is one of intent to be gathered from the instrument and the circumstances under which it was executed.

*Appeal from Keokuk District Court.—* HON. B. W. PRES-
TON, Judge.

WEDNESDAY, OCTOBER 23, 1907.

ACTION to quiet title.   There was a judgment for plaintiff, and defendants and intervener appeal.— *Affirmed.*

*Stockham & Hamilton,* for appellants.

*H. F. Wagner* and *Talley & Hamilton,* for appellee.

McCLAIN, J.—In 1865, one Lawrence Fagan, under whom defendants and intervener claim as heirs and admin-

istrator, died seised of the real estate in controversy, leaving a will in which he directed that the residue of all his estate, real, personal, and mixed, after the payment of debts and specific bequests, be sold by his executor or executors, and that the balance of the proceeds after satisfying such debts and bequests be divided equally between his legal heirs, naming them, and he nominated two persons to be his executors. The persons named in the will did not qualify as executors, and thereupon the court appointed the widow "executor and trustee" under the will. The widow elected not to take under the will, and had such election made a matter of record. In 1865, the widow, who had in the meantime remarried, executed a warranty deed in the usual form purporting to convey the real estate in question to one James Kain, signing her name to the deed with the addition of the words "executor for the estate of Lawrence Fagan." Plaintiff claims title through mesne conveyances from said James Kain. The widow died in 1903. Since the commencement of this action, A. D. Long has been appointed by the probate court as administrator *de bonis non* of the estate of Lawrence Fagan, and has intervened in the trial court, asking that any rights and interests of the estate of Lawrence Fagan in the property be protected. The defendants, as heirs of Lawrence Fagan, contest the validity of the title on which plaintiff relies.

I. The objections made to the plaintiff's title as acquired under the conveyance by the widow, as executor, were: That she had no power, as executor, to convey; that her conveyance was never approved by the probate court; that such conveyance purported only to transfer the dower interest which she had in the premises, which under the law in force at the time of testator's death was a life estate. By the express provisions of the will, the executor or executors of the testator were to sell the real estate and distribute the proceeds among the heirs, and the power of sale was therefore directly

1. ESTATES OF DECEDENTS: sale by executor: approval.

conferred, not only on the persons named to be executors, should they qualify, but also on any executor or administrator with the will annexed who should by proper action of the court be substituted. The power to sell was not left discretionary, nor was it in the nature of a personal trust; but its exercise was absolutely essential to the carrying out of the provisions of the will. Therefore the widow, after her appointment as executrix, on the failure of the persons named to qualify as executors, had the power, and it was her duty, to sell and convey the real estate. *Ellyson v. Lord,* 124 Iowa, 125, 128; *Schroeder v. Wilcox,* 39 Neb. 139 (57 N. W. 1031); 2 Woerner, Administration, 715, 728; Page, Wills, 830. There was nothing in this will vesting any discretion or personal trust in the executors, and therefore the cases of *Hodgin v. Toller,* 70 Iowa, 22, and *Boland v. Tiernay,* 118 Iowa, 59, relied upon by appellant, are not in point. The language employed by testator, " It is my will that . . . my estate . . . shall be sold by my executor or executors," left no discretion with the executor, but was an unequivocal command. *Shafer v. Tereso,* 133 Iowa, 342, 349. Where the power to sell is conferred upon the executor, approval of the conveyance by the court is not essential to its validity. The executor acts under the power given by the will, and not under the authority of the court. Page, Wills, 832; 2 Woerner, Administration, 717, 718; *Iowa Loan & Trust Company v. Holderbaum,* 86 Iowa, 1; *Davis v. Hoover,* 112 Ind. 423 (14 N. E. 468).

II. The claim that the conveyance by the widow, as executor, to James Kain, is to be considered as her individual conveyance only of the interest which she had in the

2. S<small>AME</small>: extent of interest conveyed.    property, is not supported by the facts disclosed in the record, nor by the rules of law applicable in such cases. When an executor authorized by will to make a conveyance has also an individual interest in the property, as devisee or otherwise, the question whether a conveyance by such person is an exercise of the power to

convey given in the will, or the exercise only of the right
to pass such person's individual interest, is a question of
intent to be determined by consideration of the language
used in the instrument and the circumstances under which
it was executed and accepted. *Funk v. Eggleston,* 92 Ill.
515 (34 Am. Rep. 136); *Chase v. Ladd,* 155 Mass. 417
(29 N. E. 637); *South v. South,* 91 Ind. 221 (46 Am. Rep.
591); *Arlington State Bank v. Paulsen,* 57 Neb. 717 (78
N. W. 303). The widow's individual interest was a life
estate, but the conveyance was in the form of a regular war-
ranty deed purporting to transfer an unincumbered title to
the property described with covenants that the grantor had
good right and lawful authority to sell the same, that it was
free from incumbrances, and that she would warrant and
defend the title against the lawful claims of all persons
whomsoever. The language of the instrument plainly indi-
cates an intention to exercise the power given to the executor
by the will, for not otherwise could the grantor convey a good
title. The consideration, as appears from the evidence, was
the full value of the property, and the grantor described her-
self by words affixed to her name as " executor of the estate
of Lawrence Fagan." Authorities are cited to the effect
that such words as " president," " secretary," etc., affixed to
the name of the signer of an instrument, are merely *de-
scriptio personæ,* and they do not show the signature to have
been made in a representative capacity. But without en-
tering into a discussion of this much-mooted question, it is
sufficient to say that it is not here involved. If it can be
shown that the intent was to convey under the authority
given in the will, then it is wholly immaterial whether the
instrument in itself purports to be in execution of such power
or a transfer of the individual interest of the grantor, and
the words added to the signature may certainly be consid-
ered in arriving at the intention in pursuance of which the
instrument was executed and accepted.

We reach the conclusion therefore that the conveyance

by the widow to James Kain passed the fee title held by the testator at the time of his death, and not simply the widow's life estate, and that by intermediate conveyances the fee title has become vested in the plaintiff. The heirs of Lawrence Fagan have therefore no interest in the property by descent, for it has been fully and completely disposed of as provided in the will. This conclusion renders it unnecessary to discuss the question argued by counsel as to plaintiff's right by adverse possession under color of title. It also disposes of the claim of intervener, for, if the provisions of the will have been fully carried out by the excution of the power of sale given to the executor, then the estate of Lawrence Fagan has no further interest in the property nor in the proceeds thereof.

The judgment is therefore *affirmed*.