IN RE ESTATE OF MICHAEL DOHERTY.
ST. PHILLIPS & ST. JAMES CATHOLIC CHURCH, Appellee, v.
ELIZABETH MAY BOYSEN, Appellant, HANS P. BOYSEN,
Administrator, Defendant, Appellant.

No. 43697.

FEBRUARY 16, 1937.

A. P. Barker and M. L. Sutton, for appellee.

Miller & Claussen, H. L. Irwin and Edwin V. Zahorik, for appellant.

·ANDERSON, J.—Michael Doherty departed this life in August, 1934, leaving a will which was admitted to probate in Clinton County, Iowa. The will directed the payment of debts, funeral expenses, and expenses of administration, and provided for the payment of the following specific legacies: To the Catholic Parochial School at Grand Mound, Iowa, $1,600; to Father Small for the purpose of saying mass $400; to Father Lynch for the purpose of saying mass $400; to a nurse who had cared for the deceased during his sickness $400; to two nephews and a niece $1.00 each. The will also appointed John Gibson as executor and directed that he act without bond. In addition to the foregoing the will contained the following paragraphs:

"Par. 2. As soon as it may be expedient to do so, I will and direct that my executor shall sell and dispose of all my property, whether real or personal, and convert the same into cash and that he pay out of the proceeds thereof the following legacies as may be mentioned hereinafter; I further authorize, empower and direct that he shall have full power to make the necessary transfers in the sale of said property."

"Par. 10. The residue and balance of all my property,

after all payments and legacies mentioned hereinabove are paid, I give, devise and bequeath to the Catholic Church of Grand Mound, Iowa.''

It seems to be conceded, for the purpose of this appeal, that the ''Catholic Church'' of Grand Mound, Iowa, named as residuary legatee is the St. Phillips & St. James Catholic church, appellee herein.

Elizabeth May Boysen, appellant, died during the pendency of this proceeding and the administrator of her estate was substituted as appellant, but in the course of this opinion we will refer to the substituted appellant as the appellant.

The decedent, Doherty, at the time of his death owned a forty-acre tract of land and personal property appraised by the inheritance tax appraisers at $6,974.18, and it is conceded by the appellant that the personal property was sufficient in value to pay the debts of the estate and the specific legacies mentioned in the will.

In October, 1934, after the will was admitted to probate and the executor named therein appointed and qualified, he entered into a contract for the sale to appellant of the forty-acre tract of land and some minor items of personal property for $1,600. The contract contained the following clause: ''This contract shall be subject to the approval of the district court in and for Clinton County, Iowa.'' Some time later the executor filed an application in probate reciting that pursuant to the power of sale contained in the will he had entered into the above mentioned contract of sale and asked that the same be approved and the executor directed to convey the property. The court in an *ex parte* hearing specifically approved the sale as being within the power under the will and directed the conveyance of the property by the executor. In March, 1935, a conveyance was executed, but because of some minor defects in the title the deed and the unpaid portion of the purchase money, $1,500, were deposited in escrow, where they remained until July, 1935, when delivery was made by the escrowee. After the sale was consummated by the delivery of the purchase price and deed an application was filed by the appellee, as residuary legatee under the will, asking that the order of approval of the sale of the forty-acre tract and personal property be set aside and reciting that the personal estate left by the decedent was sufficient to pay the

debts and expenses of the estate and the specific legacies mentioned in the will, and that appellee as sole residuary legatee elected to take the real estate in kind rather ,than in cash. The application further asked that the appellant, the purchaser of the forty-acre tract, be made a party to the proceedings on the ground that she is a real party in interest. The court entered an *ex parte* order joining the appellant as a party to the proceedings, directed that five days notice be served upon her and required her to appear and answer within five days. The appellant appeared and moved that her name be stricken as a party to the proceedings for the following reasons:

"1. The question presented by said application is moot as to this moving party for the reason that her rights in the real property referred to in the petition cannot be affected by any order made by the court upon such application, because:

"(a) The present proceedings are pending in the probate court. The probate court has no power to set aside or impair the right, title, or interest of this moving party in or to the land in question, the court of equity being the only court of competent jurisdiction to set aside or impair the right, title, or interest had by the moving party in said land.

"2. The moving party is neither an heir at law, legatee, devisee, or creditor of the estate of decedent, and is not interested in any manner in the accounting between the executor and parties interested in the estate of the decedent, and consequently is not a proper party to the proceedings in so far as any order made by the court might have a bearing upon the duty of the executor to account for the estate or condition of the accounting of said executor.

"3. In so far as it may be sought by said application to affect in any manner or to impair or set aside any right, title, or interest had by this moving party in the real property referred to in the application, this court can make no order binding upon this moving party for the reason that subsequent to the date of the order of sale the executor executed and delivered to this moving party a deed conveying said real property to her, and that the moving party has paid to the executor the full amount of the purchase price of such property, as a consequence of which the moving party is not a proper party to the proceedings upon said application.

"4. The moving party was improperly made a party to said proceedings and is an improper party thereto by reason of the fact that the probate court cannot draw to itself the power to adjudicate the validity of the title had by the moving party in the real property referred to in the petition, because exclusive jurisdiction to adjudicate that question is vested in the court of equity, and the probate court has no power, through the process of making the moving party a party to the proceedings upon the application to set aside the order, to make orders binding upon the moving party or to adjudicate in a manner binding upon the moving party, any matter inhering in the moving party's right or title to said land."

On the hearing of the foregoing motion the court entered an order overruling and denying the same and held that the appellant was a proper party to the proceedings. Due exceptions were taken to this order of the court and from such order this appeal is prosecuted.

The appellant contends that the ruling of the trial court refusing to strike appellant's name from the proceedings was erroneous for the reason that she was neither a necessary nor a proper party to a determination of any matters in dispute between the appellee and the executor of the estate; and for the further reason that the matters in controversy, if any, between appellant and appellee, which necessarily only involve the title to the land in question, cannot be adjudicated in probate; and for the further reason that the probate court could not determine or adjudicate in piecemeal a part of an equitable action which was necessary to determine the question of title; and for the further reason that any ruling made by the court on appellee's motion to set aside the order approving the sale and conveyance would be merely interlocutory and subject to review in an action in equity involving the title to the land.

■■■ Under code sections 10981, 10969, and 10972, other parties may be brought into an action but only when a final determination of a controversy cannot be made without such parties, but we do not think that the proceedings under consideration here is such a controversy as is contemplated by the statutes referred to. The conveyance here in question cannot be set aside by the probate court. A court of equity has sole jurisdiction in such a matter. This is conceded by the appellee,

but the appellee contends that it fears the existence of the order of approval of the sale and conveyance will hinder it, in some manner, in the prosecution of an action in equity to set aside the sale and transfer of the real estate. We feel that this expressed fear is groundless for the reason that the order of approval, which appellee seeks to set aside, is but an interlocutory order the propriety of which can be determined either in an action against the executor for damages or for an accounting or in objections to a final report of the executor. The appellant is not interested and is not a necessary or proper party to any action or controversy existing in favor of the appellee and against the executor. Such was the holding in In re McAllister's Estate, 191 Iowa 906, 183 N. W. 596, in which case this court speaking through Justice Stevens held that a similar order was purely interlocutory and subject to review either in an action in equity to construe the will or to set aside a conveyance or an action concerning an accounting of the executor. We conclude therefore that there was no need for an attack on the order of approval of the sale and conveyance in the instant case and no ground for the expressed fear by appellee of the effect of such order. If the ruling of the trial court making the appellant a party in the probate proceedings was sustained it would result, to some extent at least, in the splitting of appellee's claim or cause of action and its trial by piecemeal. It might also result in depriving the appellant of her right to defend her title based upon the executor's deed. While under our system of practice she is entitled to have such controversy tried in equity in its entirety with the consequent right of appeal and trial in the appellate court de novo. While the ultimate question in the case to be determined is the validity of appellant's title and the power of the executor under the will to sell and convey, such question cannot be determined on this appeal and necessarily could not be determined in the proceedings from which this appeal is prosecuted.

The appellee relies upon the holding in In re Wicks' Estate, 207 Iowa 264, 222 N. W. 843, as sustaining its contention that the probate court has the jurisdiction and power to set aside its order approving the sale and transfer, but the cited case does not furnish support for the appellee's contention. In the cited case in the contract of sale was included a clause that the contract was made subject to the approval of the court, while

this court held that such clause became a part of the contract, notwithstanding the power of sale contained in the will, and that the court had a right under the facts in that case to set aside an order directing the sale but before its approval, when it appeared that more advantageous terms for the sale could be procured. The sale had not been approved by the court and approval was refused. The purchaser sought to compel a consummation of the contract of sale and a conveyance, and this court held that he was not entitled to such relief because of the inserted clause in the contract that the sale must be approved by the court. In the instant case the sale was approved by the court and the conveyance executed and the purchase price paid before any attempt to set aside the contract of sale or the order of approval thereof. The present case does not involve a controversy between the purchaser, appellant, and the executor of the estate. It only involves a controversy, at this time at least, between the appellee and the executor.

Appellee contends that under the holding in In re Bagger's Estate, 78 Iowa 171, 42 N. W. 639, that it is improper and unjust to make an order affecting the title of persons not in court. This, of course, is absolutely true. Such an order would not only be improper and unjust but it would not be possible. Appellee contends that the order of approval of the sale and conveyance is an effective bar to the prosecution of a suit in equity to set aside the deed. This is not true. It is conceded by the appellant here that the order of approval creates no burden to appellee in an action in equity to set aside the deed in question. And appellant further concedes that the appellee is not bound or concluded by the order of approval and that such order can be assailed in any court or in any action.

■■■ Under the circumstances in this case there can be no dispute between the appellee and the executor in which appellant has any interest. The appellee is not concluded by the order of approval, and it follows that there is no need, indeed there is no justification, for making the appellant a party to the proceeding to set aside the approval order as against the executor. Quoting the language of appellant which we approve and adopt, "It is elementary that if appellant had wronged appellee she is answerable for her wrong in a proper action in the proper forum. It is equally elementary that if the executor has wronged appellee appellant is not answerable, because it is not her wrong. It

is equally elementary that the injured party must seek redress in the proper forum, by proper action against proper parties.''

It must be concluded that independent of the contract of sale and independent of the approval thereof by the court the executor either had or did not have power to sell. Such power, if any, arises in the will and must be determined by its terms. Feaster v. Fagan, 135 Iowa 633, 113 N. W. 479.

We are constrained to hold that the effort to make appellant a party to the proceedings in probate is not warranted under our practice and under the sections of the statute heretofore mentioned, and that the validity of appellant's deed as between appellant and appellee must necessarily be determined in a court of equity. It follows, and it is our conclusion, that the trial court erred in attempting to make appellant a party to the proceedings in probate and erred in overruling appellant's motion to strike her name as a party from the proceedings pending in the probate court. The case is reversed and remanded with instructions to enter an order sustaining appellant's motion dismissing her as a party to the probate proceedings.—Reversed and remanded.

MITCHELL, PARSONS, HAMILTON, and SAGER, JJ., concur.

RICHARDS, C. J., dissents.