**Phyllis J. DeLONG, Individually and as guardian of Dianne K. Frost, et al., Appellee,**

v.

**Winston H. SCOTT, Appellant.**

**No. 2–56320.**

Supreme Court of Iowa.

April 24, 1974.

Edward D. McCoy, Waterloo, for appellant.

Zellhoefer & Smith, Waterloo, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendant Winston H. Scott appeals trial court's decree ordering specific performance of his contract to purchase real estate from plaintiff Phyllis J. DeLong. The sole issue is whether plaintiff met her obligation to tender marketable title. We find she did and affirm the trial court.

The property was once owned by Stella M. Barron who died testate November 6, 1955. Her devisees were her four children, one of whom, Rose Hemminger, was named executrix. The will included an authorization to the executrix "to mortgage or convey real estate without order of Court first obtained." Subsequently, as executrix, Rose Hemminger contracted to sell and later conveyed the premises to plaintiff without order of court. She thereafter filed her final report. The estate beneficiaries filed receipts and waivers of notice. An order was entered approving the final report, discharging the executrix, and closing the estate.

Plaintiff and defendant entered their contract in January 1972. When the time came for defendant to pay the balance of the purchase price, he objected to plaintiff's title on the basis of his attorney's opinion Rose Hemminger, as executrix, did not have title at the time she purported to convey the premises to plaintiff. The attorney asserted the property passed absolutely at Stella M. Barron's death to her four devisees and plaintiff could not give good title without first receiving the property from them by warranty deed.

Plaintiff's action for specific performance followed. The objection to title was raised in defendant's answer. On a motion by plaintiff for adjudication of law points under rule 105, Rules of Civil Procedure, trial court (Damsgaard, J.) held the deed from Rose Hemminger as executrix of the Stella M. Barron estate vested fee simple title in plaintiff. Trial was held later on an issue not involved in this appeal, and the court (Wood, J.) entered a decree in plaintiff's favor ordering defendant to perform his contract to purchase from plaintiff.

We will first consider the principle of marketability of title and then the merits of defendant's objection.

■ I. *Marketability of title.* In passing upon the marketability of title the issue is whether a man of reasonable prudence with knowledge of the facts would accept the title in the ordinary course of business. Title is not unmarketable unless there is reasonable doubt of its validity. When, as here, an objection is based on a point of law, the point must be fairly debatable before it can be said to raise such doubt. In re Estate of Oppelt, 203 N.W.2d 213, 215 (Iowa 1972), and citations.

■ II. *Defendant's objection.* The rule has long been established in Iowa that title to a decedent's real property passes instantly to devisees under his will and, in the absence of a will, to statutory heirs, subject to possession by the decedent's personal representative during probate proceedings for purposes of administration, sale, or other disposition under provisions of law. Noel v. Uthe, 184 N.W.2d 686, 688 (Iowa 1971); In re Estate of Smith, 240 Iowa 499, 511, 36 N.W.2d 815, 822 (1949), and citations. This rule was codified in 1963 in Code § 633.350.

■ Defendant's objection was based on his contention plaintiff did not have title because the property passed absolutely to the devisees of Stella M. Barron at the instant of her death. This contention ignores the fact that immediate devolution of title upon death is subject to the contingency of lawful sale by the personal representative during probate proceedings. The Barron devisees received title subject to the right of Rose Hemminger, as executrix, to sell the property during probate proceedings as authorized by law, and such right was exercised.

■ The rule has also long been recognized in Iowa that when power to sell has been given to the personal representative in a will, statutory sale procedure need not be followed. In re Estate of Wicks, 207 Iowa 264, 222 N.W. 843 (1929); Feaster v. Fagan, 135 Iowa 633, 635, 113 N.W. 479, 480 (1907) ("The executor acts under the power given by the will, and not under the authority of the court."). This rule was codified in 1963 in Code § 633.383.

■ Defendant now argues that the power conferred in Stella M. Barron's will authorizing her executrix to mortgage or convey real estate without court approval was not an unrestricted power to sell realty. The record shows this contention was not urged in the trial court. An issue not presented to and passed upon by the trial court cannot be raised on appeal. Quad County Grain, Inc. v. Poe, 202 N.W.2d 118, 119 (Iowa 1972).

We hold the question of law raised by defendant's objection to title in the trial court failed to generate a reasonable doubt as to the validity of plaintiff's title. The point is not fairly debatable; the objection was palpably invalid. Trial court did not err in ordering specific performance.

Affirmed.