7738

RICE v. COLEMAN.

1. WILLS—EXECUTORS—SALE—INJUNCTION.—Where a testator confers
   unlimited power on his executors to sell his real estate, the devisees
   and legatees cannot enjoin the sale of realty on the grounds that
   there is enough personal property to pay the debts and legacies;
   the realty is not devised to the executors; a contest over a codicil
   to the will makes it uncertain what the interests of the complainants
   are; the property may be divided in kind.
   *Divided Court.*

2. REHEARING refused|

Before SEASE, J., Union, December, 1909.    Affirmed.

Action by Spencer M. Rice *et al.* against William Coleman
and Francis M. Farr, Executors of Ann E. Rice.    From
order refusing injunction, plaintiffs appeal.

*Messrs. James Munro, McDonald & McDonald* and *J.
K. P. Bryan,* for appellant, cite: *Power of sale:* 31 Cyc.
1081, 1088, "C;" 24 A. St. R. 468; 9 S. C. 498; 14 John.
537; 27 S. C. 598; 31 Cyc. 1091; 3 Rich. 426; 1 S. C.
172, 256; 36 S. C. 397; 21 S. C. 1.    *No sale should be made
under naked power unless there be a necessity:* 58 A. T.
558; 63 Pac. 991; 18 Chan. Div. 433; 14 S. C. 229; 31
S. C. 183; 42 S. C. 195; 12 Rich. 254; 80 S. C., 94; Code
1902, 2600.    *Should the injunction be granted:* 42 S. C.
97; 51 S. C. 433; 67 S. C. 84; 69 S. C. 156; 74 S. C.
178; 75 S. C. 220; 77 S. C. 81.    *The merits of the action
cannot be determined on motion for a temporary injunc-
tion:* 42 S. C. 101; 60 S. C. 268; 62 S. C. 221; 67 S. C. 93.

*Messrs. Johnson & Cromer* and *Shand & Shand,* contra.
*Messrs. Shand & Shand* cite: *The fee in the heirs is subject
to be divested by power of sale in executors:* Rice 55; 36
S. C. 397; 5 Metc. 462; 1 Wm. on Exrs. 549.    *The exec-
utors have something to do with the proceeds and that*

*makes a power coupled with a trust:* 21 S. C. 8; 48 S. C. 527. *Courts will not interfere with discretion given executors:* 9 Rich. Eq. 217; 12 Rich. Eq. 254; 14 S. C. 262; 11 Rich. Eq. 156; 31 S. C. 184.

The opinion in this case was filed on September 20, 1910, but held up on petition for rehearing until

December 7, 1910.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from the following order of his Honor, Judge Sease, dated the 18th of November, 1909.

"On hearing return of the defendants to the rule to show cause issued by me * * * and it appearing to the Court that the power of sale conferred upon the executors, by the will of Ann E. Rice, confers upon them full power of sale of the real estate, and that no irreparable injury will be done to the beneficiaries of the will, by the sale which the executors have declared their intention of making, it is ordered, that said rule be discharged, and the restraining order granted by me, on November 5, 1909, is revoked."

The power contained in the will under which the defendants were proceeding, is as follows: "I give my personal representatives full power to sell, all my real estate, wheresoever situated, and to make deeds to same."

The complaint sets forth two causes of action—one for accounting and the other for injunction.   The following allegations of the cause of action for injunction, are material to the question involved:

"That Ann E. Rice departed this life, leaving in force a last will and testament which was proved in common form in the court of probate for Union county, on the 1st day of September, 1908, and there was also proved in common form, in the court of probate in the county of Union, on

the 1st day of September, 1908, a paper purporting to be a codicil to the said last will and testament.

"That on the 4th day of November, 1909, proceedings were instituted by these plaintiffs, in the court of probate for the county of Union, contesting and requiring the said paper, purporting to be a codicil to the last will and testament of said Ann E. Rice, deceased, to be proved in due form of law, and the proceedings contesting the alleged codicil, are now pending in the probate court for the county of Union; and these plaintiffs further allege and show, that under the last will and testament of Ann E. Rice, deceased, these plaintiffs take as devisees and legatees thereunder, fifteen-twenty-fifths (15-25) of the entire residuary estate of Ann E. Rice, deceased; but if the alleged codicil to the last will and testament be declared valid by the said Court, these plaintiffs will only take about nine-twenty-fifths (9-25) of the residuary estate of Ann E. Rice, deceased; and until the proceedings contesting the validity of the codicil are determined, the respective interests and shares of the plaintiffs in the estate of Ann E. Rice, deceased, are undetermined.

"These plaintiffs further allege: That acting under *ex parte* orders of the probate court of Union county, granting leave to the defendants, William Coleman and Francis M. Farr, and empowering said defendants to sell the personal estate of Ann E. Rice, deceased, at public auction, the defendants have advertised for sale, on the 15th day of November, 1909, three hundred and seventy (370) shares of preferred stock of the Glenn-Lowry Manufacturing Company, and two hundred and fifty (250) shares of the common stock of the said Glenn-Lowry Manufacturing Company, and have also advertised for sale on the 15th day of November, 1909, eleven (11) pieces of the real estate of the said estate, situate in the county of Union, embracing town lots, and nine thousand (9,000) acres and upwards of farm lands, in the said county of Union, under

a power of sale claimed under the will of Ann E. Rice, deceased, and are threatening to sell other personal property and real property aggregating five thousand (5,000) acres, in other counties in the State of South Carolina, of the estate under a like power, as plaintiffs are informed and believe, and in this connection, plaintiffs allege, that the tracts of land advertised for sale in Union county, vary in size from a few hundred acres, to fifteen hundred (1,500) acres, and plaintiffs are informed and believe, that said parcels of land would sell to better advantage, if divided into smaller tracts.

"That subject to the payment of debts, as the plaintiffs are informed and believe, they are tenants in common with the other devisees and legatees of all the estate, both real and personal bequeathed and devised by Ann E. Rice, deceased, and plaintiffs are informed and believe, that said estate, both real and personal, is capable of being divided in kind among the plaintiffs, and others entitled thereto as legatees and devisees, but the same cannot be fairly and impartially divided and partitioned between the parties entitled thereto, until their respective shares and interests shall have been determined in the proceedings instituted in the court of probate of Union county, to determine the validity of a paper purporting to be a codicil, to the last will and testament of Ann E. Rice, deceased. That as plaintiffs are informed and believe, the said Ann E. Rice, deceased, left unpaid little or no personal debts, and if any debts exist against her estate, the defendants, as plaintiffs are informed and believe have a sufficient amount in cash, to pay up the same."

At this stage of the case, the merits cannot be considered, and the only question which the Court can now determine is, whether the plaintiffs made a *prima facie* showing, before his Honor, the Circuit Judge, for a temporary injunction. *Alston* v. *Limehouse,* 60 S. C. 559, 39 S. E. 188; *Oil Co.* v. *Oil Co.* 62 S. C. 196, 40 S. E. 169; *Riley* v. *Union Station Co.* 67 S. C. 84, 45 S. E. 149.

The controlling question is, not whether the personal property is sufficient to pay the debts, or whether it would be advantageous to the plaintiffs for the real estate to be divided in kind among the respective parties, but whether it would be an abuse of power for the executors to proceed to sell the real estate.

The power is ample to justify the action of the executors, and the plaintiffs have failed to satisfy us that its exercise would be an abuse of discretion.

Appeal dismissed.

Mr. Chief Justice Jones *concurs in the dissenting opinion of* Mr. Justice Hydrick.

Mr. Justice Woods *concurring.* I concur in the opinion of Mr. Justice Gary. The will of Annie E. Rice is very short and general in its terms. Legacies of $10,000 each are given to certain cousins, and all of the remainder of the property is devised and bequeathed to Spencer M. Rice, Senior, and other relatives named. In immediate connection with the residuary clause the power of sale is given in this broad and unqualified language: "I give my personal representatives full power to sell all my real estate wheresoever situated and to make deeds to same."

The executors having advertised for sale certain factory stock under an *ex parte* order of the probate court and several tracts of land under the power contained in the will, the plaintiffs as devisees and legatees brought this action to enjoin the sale on these grounds: First, because the personal property of the estate is sufficient to pay all debts and legacies; second, because the real estate can be divided in kind; and third, because under the original will they would be entitled to fifteen-twenty-fifths of the entire residuary estate, whereas if a contested codicil of the will be adjudged of force, they would take only about nine-twenty-fifths, and that until the contest as to the codicil is

decided they are not in a position to bid intelligently at the proposed sale of the real estate. The executors in their answer allege in effect that the debts and legacies amount to $90,000, that though the personal estate was appraised at about $400,000, they have not money in hand to pay the debts and legacies, and that it is expedient to sell the property advertised at this time. The application for injunction was heard on the complaint and answer. The question to be decided on appeal is whether it appears *prima facie* from the pleadings that the plaintiffs are entitled to have the sale enjoined on the grounds above set out.

In the consideration of this question it will not be necessary to distinguish between land and factory stock, because the statute makes factory stock real estate. It is true the executors are preparing to sell the factory stock under an *ex parte* order of the probate court as if it were personal property, but that fact is not material on the question of enjoining the disposition of the factory stock, for as real estate the factory stock would fall under the power of sale conferred by the will.

The personal estate is very large and there cannot be the least doubt that the testatrix well knew that the sale of the real estate would not be necessary to pay the debts and legacies. Looking, then, at the condition of the estate and the surroundings of the testatrix when the will was made, and at the death of the testatrix, it seems clear that she did not mean to limit the power of sale so that it could be exercised only when from deficiency of personal assets the necessity should arise for the sale of the land to raise funds to pay debts and legacies, for there was no reason to apprehend such a contingency.

Obviously, the fact that the land and factory stock could be divided in kind, or the fact that the plaintiffs, who are entitled to only part of the residuary estate, would be in a better position to bid on the property after their exact shares have been ascertained, should not deprive the execu-

tors of the discretion to sell conferred by the will. The testatrix did not see fit to place such conditions on the exercise of the power of sale, and the Court cannot add them to the will.

The will means that the executors shall have the power of sale of real estate whenever in the exercise of a fair and honest judgment they reach the conclusion that the interests of the estate will be promoted by such sale. The objections to the sale urged by the plaintiffs should be taken into account by the executors, but they are by no means conclusive, for there are other considerations which the executors are bound to regard in exercising their discretion as to the wisdom of selling under the power. General trade conditions, crop prospects, the general advance or decline in prosperity of the country at large or of the particular locality, the general state of the cotton manufacturing industry or of the particular mill in which the stock is held—these and perhaps many other things are to be considered by the executors in deciding whether the property should be sold. The power to consider these things and to act upon an honest conclusion that it would be best to sell was entrusted to the executors by the testator, and it cannot be assumed that the executors have not considered them and come to an honest conclusion. Hence I can see no ground for the Court to deprive them of the power, and thus substitute for the discretion of the executors, the Court's own conceptions. The hand of the executors may be arrested only when they intend to sell in breach of their trust, such intention being shown by evidence of actual corrupt design, or by evidence leading to the inference that a sale would be so injudicious that the executors could not have exercised an honest judgment in arriving at the intention to sell, or they would have come to a different conclusion.

It makes no difference that by the terms of the will the devisees took the legal title to the property, because the devise was subject to the power conferred on the trustees

to sell. *Ware* v. *Murph,* Rice. 55; nor that the opinion of the Court on the wisdom of selling might differ from that of the executors. *Anderson* v. *Butler,* 31 S. C. 183, 9 S. E. 797, 5 L. R. A. 166n.

The conclusion expressed above with respect to the power conferred on the executors seems to me to be nothing more than the inevitable result of giving effect to the plainly expressed will of the testatrix; and it is supported by unbroken authority in this State. *Reeves* v. *Tappan,* 21 S. C. 1; *Jennings* v. *Teague,* 14 S. C. 229; *Anderson* v. *Butler,* 31 S. C. 183, 9 S. E. 797, 5 L. R. A. 166n; *Reeves* v. *Brayton,* 36 S. C. 384, 15 S. E. 658; *Dick* v. *Harby,* 48 S. C. 516, 26 S. E. 900; *Greer* v. *McBeth,* 12 Rich. Eq., 254; *Huger* v. *Huger,* 9 Rich. Eq. 217. Counsel for the plaintiffs endeavor to distinguish some of the cases, because the wills under consideration contained such expressions as that the power of sale was to be exercised to carry out the provisions of the will. But the point is too fine, for every power of sale conferred by a will has attached to it by law as a condition of its exercise that it shall be used only in the discharge of the testamentary trust imposed by the will. Adopting the language of the Court in *Reeves* v. *Tappan, supra:* "It was a power coupled with a trust, the trust being the executorship, and it was conferred upon the office of executor so as to enable the party filling that office, whoever he might be, to properly discharge its functions and duties, * * *"

Authorities elsewhere are to the same effect. "Where the power of sale is unrestricted or is given for any purpose the donee may deem advisable it may be exercised in the discretion of the donee." 31 Cyc. 1081; Perry on Trusts, Sec. 511; *Hatt* v. *Rich* (N. J.), 45 Atl. 969; *Busch* v. *Rapp* (Ill.), 63 S. W. 479; *Bunner* v. *Storm* (N. Y.), 1 Sandf. Ch. 357; *Matthews* v. *Capshaw* (Tenn.), 97 Am. St. 854; *Randolph* v. *Birmingham Land Co.,* 53 Am. St. 64, 104 Ala. 355.

MR. JUSTICE HYDRICK *dissenting.* I dissent. In the administration of estates, the personal property is primarily liable for the payment of debts and legacies; and the heirs and devisees have the right to have it exhausted before resort can be had to the real estate for those purposes. In this case, it is admitted that the personal estate is more than sufficient for those purposes,—its appraised value being over $400,000, while the debts and legacies amount to less than $100,000. As the will does not direct otherwise, the estate should be administered according to the settled principles of law. The real estate is not devised to the executors. The title is therefore in devisees, and the executors admit that it can be divided amongst them in kind. While the power conferred on the executors to sell the real estate is ample, still it is a naked power, and should be construed as intended to be exercised only for the purpose of administering the estate according to law. It is not an arbitrary power to be arbitrarily exercised. It would be an abuse of the power for the executors to sell the real estate, when the personal estate is sufficient for all purposes of administration. I think, therefore, a *prima facie* case for injunction against the sale of the real estate was clearly made out.

December 7, 1910. PER CURIAM. Upon due consideration thereof, *Ordered* that the within petition be dismissed, and the stay of remittitur be revoked.