[Civ. No. 2087.  Second Appellate District, Division Two.—March 21, 1919.]

## CRYSTAL PIER COMPANY (a Corporation), Appellant, v. WILLIAM SCHNEIDER et al., Respondents.

[1] CORPORATION LAW—FORFEITURE OF CHARTER—TITLE TO PROPERTY—RIGHTS AND DUTIES OF DIRECTORS AS TRUSTEES.—Under the amendment of 1907 to the act of 1905 (Stats. 1907, p. 746, sec. 10a), when a corporation forfeits its charter for nonpayment of the state license tax, the title to its property vests in those who are its stockholders at the time of its demise, the directors then in office becoming the trustees for the corporation and the stockholders to settle the affairs of the corporation, and as such they have possession of its property, with full power to deal with and dispose of the property as is necessary to settle the affairs of the corporation.

[2] ID.—DIRECTORS DONEES OF POWER IN TRUST — POWERS.—The directors in office at the time of the forfeiture of the charter of a corporation in becoming trustees for the corporation and the stockholders become donees of a power in trust—the legal title being vested not in them, but in third persons—and as such, in the absence of fraud, collusion, or abuse of discretion, they may execute the power without the interposition of any court.

[3] ID.—POWER OF SALE IMPLIED.—Since the "affairs" of a defunct corporation can seldom be settled without a sale or other disposition of at least some of the corporate assets, a power of sale necessarily is implied in the legislative grant of the power "to settle the affairs of the corporation."

[4] ID.—POWER TO SELL LEASE—UNPAID RENTS—RIGHT OF PURCHASER.—The trustees of a defunct corporation, in the settlement of its affairs, have the power to sell a lease to property of which the corporation had been the owner and to transfer the right to all moneys unpaid thereon, thereby vesting in the purchaser the right to sue for the recovery of all rents due and unpaid.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Fred H. Taft, Judge.  Reversed.

The facts are stated in the opinion of the court.

Swanwick & Donnelly for Appellant.

No appearance for Respondents.

FINLAYSON, P. J.—This is an appeal from the judgment following an order sustaining a demurrer to the complaint. The action was to recover rents alleged to be due from defendants as lessees under a written lease executed to them by one McDonald, as lessor.

The case as made by the complaint, in so far as is necessary to an understanding of the question presented, is as follows: McDonald, the original lessor, transferred the lease and the property therein described to the Hollister Avenue Pier Company, a California corporation. Thereafter the Hollister Avenue Pier Company forfeited its charter for nonpayment of the state license tax. Thereafter the persons who, at the date of the forfeiture, were the directors in office of the defunct corporation, as trustees of the corporation and its stockholders, "for the purpose of settling the affairs of said corporation, and for the benefit of the creditors and stockholders thereof, granted, conveyed and assigned to plaintiff . . . . all interest in or to the lease hereinbefore set forth, and the moneys unpaid thereon."

No brief has been filed on behalf of respondents. We are informed, however, by appellant's brief that the demurrer was sustained upon the theory that the assignment to plaintiff by the trustees of the defunct corporation transferred no right that plaintiff can assert in this action.

The amendment of 1907 to the act of 1905 (Stats. 1905, p. 493; Stats. 1907, p. 746, sec. 10a) provides that upon the forfeiture of a corporate charter the directors then in office "are deemed to be trustees of the corporation and stockholders, . . . and have full power to settle the affairs of the corporation."

The title to property owned by a corporation at the date of its demise does not pass to the directors who become trustees to settle its affairs. The corporation having ceased to exist, it no longer is capable of holding title or possession. The property formerly owned by it belongs to the persons who were its stockholders at the time it ceased to be a corporation. The directors who, upon the dissolution, become trustees for the corporation and stockholders, receive by the forfeiture only what the statute gives them, and that is a power over the property, not the title, and the right of possession, for without the right of possession they could not settle the corporate affairs. (*Rossi* v. *Caire,* 174 Cal. 74, [161 Pac.

1161].)   **[1]**   After forfeiture of the charter the situation, then, is this: The title to all property that formerly belonged to the dead corporation is vested in those who were its stockholders at the time of its demise; the trustees to settle the affairs of the corporation have in their possession property belonging to those who were stockholders at the date of the dissolution; they are bound to settle the affairs of the former owner, the defunct corporation; they have all the power to deal with and dispose of the property that is necessary to accomplish that object.

**[2]**   The "trustees," as the directors in office at the date of the forfeiture are designated by the statute, are the donees of a power in trust.   Though the statute refers to the directors in office as "trustees," they are not trustees of a "trust," in any true sense of the term.   In every true trust the legal title is vested in the trustee.   Powers in trust differ from trusts in this, that in the case of such powers the legal title is vested, not in the trustee, but in a third person, but the donee of the power in trust can convey the title and dispose of the property to or for the beneficiaries.   (3 Pomeroy's Equity, sec. 1002.)   The statute makes the persons whom it refers to as "trustees of the corporation and stockholders" the donees of a power "to settle the affairs of the corporation."   They are trustees only in the sense that the donees of a power to be executed for the benefit of another, though they have no title, legal or equitable, hold the power in trust to be executed in the interest of the beneficiaries.   For reasons presently to be stated, they may, as donees of such power in trust, execute the power without the interposition of any court.

**[3]**   Since the "affairs" of a defunct corporation, frequently exceedingly complex and multifarious, can seldom be settled without a sale or other disposition of at least some of the corporate assets, a power of sale necessarily is implied in the legislative grant of the power "to settle the affairs of the corporation."   This power of sale should be exercised whenever necessary to serve the interests of the stockholders or creditors, though, as donees of such power, the persons referred to by the statute as "trustees" are vested with latitudinous discretion in determining whether a sale or other disposition of the corporate assets should be made—a discre-

tion with which, in the absence of fraud or collusion, the courts will not interfere.

The general rule is that in the absence of fraud, collusion, or abuse of discretion, the donee of a power of sale under an instrument executed by a private person, as, for example, an executor to whom his testator has donated such a power, may exercise it without the interposition of any court whatever. No license or authority from, nor, in the absence of statutory requirement, confirmation by, any court is necessary. The hand of the donee of a power of sale under an instrument executed by a private individual may be arrested by the courts only when he fraudulently intends to sell in breach of his trust. (31 Cyc. 1183; *Matthews* v. *Capshaw*, 109 Tenn. 480, [97 Am. St. Rep. 854, 72 S. W. 964]; *Feaster* v. *Fagan*, 135 Iowa, 633, [113 N. W. 479]; *Rice* v. *Coleman*, 87 S. C. 342, [Ann. Cas. 1912B, 1016, 69 S. E. 516]; *Sharp* v. *Loupe*, 120 Cal. 89, [52 Pac. 134, 586].)

Subject to the universally recognized rule of construction that, in interpreting legislative grants, it should be held that nothing passes but what is granted, expressly or by necessary implication, in clear and explicit terms, we know of no reason why a legislative grant of a power of sale for the benefit of the stockholders and creditors of a dead corporation, any more than the donation of a power of sale by a private individual, should be subject to supervision by the courts, in the absence of some statute expressly providing therefor. As the court said in *Rossi* v. *Caire*, 174 Cal. 74, [161 Pac. 1161], speaking of the act that makes the directors in office trustees to settle the affairs of the dead corporation: "The obvious purpose of this statute . . . is, as was said in the Havemeyer case (84 Cal. 362, [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]) above cited, 'to leave the whole matter of liquidation and distribution to the exclusive control of the directors of the corporation in office at the time of dissolution' (84 Cal. 365, [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]), and to render it unnecessary and improper for a court to intervene in their proceedings, or to supervise the sale in any particular, unless they are guilty of 'neglect of duty or abuse of power' (84 Cal. 367, [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121])."

[4] For these reasons we hold that the "trustees" for the defunct Hollister Avenue Pier Company had the power to sell

the lease and to transfer the right to all moneys unpaid thereon—the transfer of a chose in action—thereby vesting in appellant the right to sue for the recovery of all rents due and unpaid.

Judgment reversed.

Sloane, J., and Thomas, J., concurred.