**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Trustee of Fox Oil Company Trusts, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 75–2091.

United States Court of Appeals,
Ninth Circuit.

April 21, 1977.

Myron C. Baum, Acting Asst. Gen. Atty., Chief Appellate Section, Jonathen S. Cohen, Tax Div., Dept. of Justice, Washington, D. C., argued, for appellee.

Jack R. White, argued, Hill, Farrer & Burrill, Los Angeles, Cal., for appellant.

Before HUFSTEDLER, GOODWIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Bank of America National Trust and Savings Association ("Trustee") as trustee of the Fox Oil Company Trusts ("Taxpayer") sued for a refund of taxes overpaid during 1969–1971, claiming that the Government improperly characterized the Taxpayer as an "association" taxable as a corporation under Internal Revenue Code §§ 7701(a)(3), 11(A). The district court held that the Trustee was foreclosed from relitigating the issue by reason of this court's prior adjudication against the Trustee in a case involving the same facts and the same parties. (*See United States v. Trust No. B.I. 35, Bank of America National Trust & Savings Association ["Bank of America I"]* (9th Cir. 1939) 107 F.2d 22.) Invoking *C. I. R. v. Sunnen* (1948) 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898, the Trustee contends that the preclusionary effect of *Bank of America I* was removed by our decision in *Rohman v. United States* (9th Cir. 1960) 275 F.2d 120, which changed the legal climate that prevailed at the time the prior case was decided. We hold that *Bank of America I* controls by the operation of *stare decisis*, irrespective of the *res judicata* effect of *Bank of America I*.

Taxpayer's *res* consists of one hundred twenty acres of unimproved land, three leases to remove oil from the aforementioned land, and a contract for the sale of royalties-in-kind paid to the Taxpayer by its lessees. The trust instrument creates an Advisory Committee of three beneficiaries to advise the Trustee in the care and man-

agement of the trust estate. Under the trust instrument, the Trustee is authorized, with the consent of the Advisory Committee, to negotiate new leases and sales contracts upon their expiration, to distribute rents and profits to the beneficiaries, and to execute any sale, lease, or contract that would serve the interests of the beneficiaries in the "management and control" of the trust estate. Taxpayer's leases give it the option to receive rent in cash or in kind in the form of the oil pumped from Taxpayer's land. Taxpayer has always chosen to receive payment in kind which it then sells to the Independent Oil Producers Agency ("IOPA") under a five-year renewable sales contract. Taxpayer owns no oil production equipment and has no employees for the production of oil. However, under its leases, Taxpayer requires its lessees to provide facilities for the storage of Taxpayer's oil royalties and to deliver these royalties to IOPA. Taxpayer's beneficiaries hold certificates representing their beneficial interest in the trust which certificates are freely transferable upon notice to the Trustee.

In 1939, we concluded in *Bank of America I* that Taxpayer was taxable as a corporation under the principles of *Morrissey v. C.I.R.* (1935) 296 U.S. 344, 356–60, 56 S.Ct. 289, 80 L.Ed. 263.[1] Although Taxpayer's method of operation has not changed since 1939, it argues that *Bank of America I* is no longer "good law" after *Rohman v. United States* (9th Cir. 1960) 275 F.2d 120. There is no conflict between *Rohman* and *Bank of America I*, and, in our view, both are still good law in this Circuit.

*Rohman* involved a trust whose *res* consisted of a parcel of land. The beneficiaries of the trust had purchased the land with the hope of selling it as soon as the market price was favorable. Until that time, the trustee was to rent the property upon the approval of the majority of the beneficiaries. The beneficiaries, and not the trustee, had the power to collect rents, purchase insurance, and negotiate the rental or sale of the land. The trustee's only managerial task was to deliver taxes and interest and to execute leases with the consent of the beneficiaries. Under these circumstances, we held that the *Rohman* trust was not an association under the same *Morrissey* test we applied in *Bank of America I*.

Contrary to Taxpayer's assertions, our holding in *Rohman* does not indicate a departure from *Bank of America I*. The *Rohman* trust was an entirely different taxable animal from the one involved in *Bank of America I*. To be sure, real estate constituted the *res* in both trusts. But the resemblance stops there. In *Rohman*, the trust appeared in its traditional form as a means to conserve the value of property through its rental while the beneficiaries sought a purchaser for the property. Both the trustee and the trust were passive in the generation of income in anticipation of this sale of the *res*. On the other hand, the trust in *Bank of America I* carried on an active trade in the sale of oil by selling its royalties to IOPA. (*See Morrissey v. C.I.R., supra,* 296 U.S. at 357, 56 S.Ct. at 295 (". . . In what are called 'business trusts' the object is not to hold and conserve particular property, with incidental powers, as in the traditional type of trusts, but to provide a medium for the conduct of business and sharing its gains.").)

Taxpayer argues that *Rohman* stands for the principle that the business of a lessee will not be attributed to a trust-lessor. The argument is irrelevant. The court in *Bank of America I* did not characterize the Taxpayer as an association by imputing the oil production business of its lessees to the Taxpayer. It was the Taxpayer's marketing of those royalties it received from its lessees that contributed to its characteriza-

1. In *Rohman v. United States* (9th Cir. 1960) 275 F.2d 120, 123–24, we summarized the *Morrissey* test:

"... To tax a trust as an association, (1) there must be associates who have entered into a joint enterprise; (2) the trust must have a 'business purpose'; and (3) there must be substantial resemblance to a corporation. The 'salient features' in determining whether there is a substantial resemblance to a corporation are (1) title vested in a single entity; (2) centralized management; (3) continuity; (4) transfer of beneficial interests; and (5) limitation of personal liability." (footnotes omitted)

tion as an association. (See 107 F.2d at 26 (". . . The trustee erroneously assumes that the collection, storage, settling, classification for grade . . . and the finding of customers of its various grades is not a business transaction for profit.").) Furthermore, unlike the role of the Advisory Committee in *Bank of America I*, there was no "directorate with the usual management functions" governing the *Rohman* trust.

We continue to follow *Bank of America I*; accordingly, the judgment must be affirmed.

AFFIRMED.