### In re TRU BLOCK CONCRETE PRODUCTS, INC., Liquidating Trust, Debtor.

### Bankruptcy No. 82–04313–M11.

United States Bankruptcy Court, S.D. California.

Feb. 15, 1983.

David L. Osias, Gray, Cary, Ames & Frye, San Diego, Cal., for debtor.

Robert Rentto, San Diego, Cal., for secured creditors.

### MEMORANDUM OPINION

JAMES W. MEYERS, Bankruptcy Judge.

Tru Block Concrete Products, Inc., Liquidating Trust ("debtor"), sought relief under Chapter 11 of the United States Bankruptcy Code ("Code") by filing its petition on October 7, 1982.

A motion challenging this Court's subject matter jurisdiction and asking that the Chapter 11 petition be dismissed was brought by two secured creditors ("moving creditors"). A hearing on the motion was held on November 19, 1982, at which time this Court heard oral argument and took the matter under submission. This opinion announces the Court's decision.

## I

## FACTS

The debtor is engaged in the business of liquidating its predecessor, Tru Block Concrete Products, Inc. ("predecessor corporation"), a California corporation that manufactured and sold concrete products. Tru Block Concrete Products commenced this business in 1967 when it was formed as a partnership, and it was incorporated in 1974.

The debtor was created to liquidate the predecessor corporation under a Shareholder's Liquidating Trust Agreement dated January 25, 1982. Some years prior to that time, the predecessor corporation began encountering financial difficulties and entered into negotiations with its creditors in an effort to stave off bankruptcy proceedings. In August of 1980, an agreement was signed by the officers of the predecessor corporation, an association representing the unsecured creditors, and the moving creditors, whereby the creditors agreed not to foreclose for a period of approximately two years on any of the liens and security interests which they held. In return, the predecessor corporation was given the same period of time in which to sell its property to satisfy its obligations. If the properties were not sold and the obligations not satisfied as of June 2, 1982, the creditors could then commence foreclosure proceedings in an effort to collect, and no protection under the Code could be sought. All of these actions were taken with an eye towards duplicating the effects that would have resulted had the predecessor corporation filed a Chapter 11 petition.

To further remove the temptation of bankruptcy and to protect the creditor's rights, the agreement contained a covenant to dismiss any petition that may be filed—either voluntarily or otherwise—and a covenant that the creditors would be deemed to be not adequately protected unless there was compliance with the agreement.

It is clear from all of the above-described legal maneuvering that it was the intention of all parties to avoid bankruptcy and simply dissolve the predecessor corporation by June 2, 1982. This date, however, proved to be overly optimistic, as the debtor had not completed its liquidation by June 2, 1982, having failed to dispose of real property valued at $1,400,000, due to the depressed state of the local real estate market. Therefore, the debtor filed for protection under Chapter 11 of the Code on October 7, 1982.

## II

## DISCUSSION

The significant issue raised by the moving creditors' motion to dismiss is whether a liquidating trust can be a proper debtor under Section 109 of the Code.

It is the moving creditors' position that the debtor is a trust, and as such, is not eligible to be a debtor. The reasoning supporting this position is as follows. The relevant portions of Section 109 provide that only a "person" may be eligible for relief under Chapter 11. Section 101(30) defines person to include individuals, partnerships and corporations. A trust is not an individual or partnership, and therefore, to be eligible to be a debtor, it must qualify as a corporation. The term corporation, as defined by Section 101(8) of the Code, does specifically include "business trusts." The moving creditors, however, would urge this Court to declare that the subject trust be a nonbusiness or simple trust, and as such is not included within the definition of corporation. Therefore, this Court must examine as to the contours of the term "business trust" in light of the purpose of its inclusion as a corporate form under the Code. See 1 Bkr.-L.Ed., Summary § 3:4 (1979).

### A. Legislative History

The legislative history reveals that the omission of trusts from the definition of person was not unintentional. Congress recognized that Section 101(30), in defining person, did not include an estate or a trust which were included only in the definition of entity in Section 101(14).[1] H.R.Rept. No. 95–595, 95th Cong., 1st Sess. 313 (1977); S.Rept. No. 95–989, 95th Cong., 2d Sess. 25 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

Business trusts, however, are eligible to be debtors since they are included in the definition of corporation found in Section 101(8), which reads as follows:

(8) "corporation"—

(A) includes—

(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

(ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;

(iii) joint-stock company;

(iv) unincorporated company or association; or

(v) *business trust*; but

(B) does not include limited partnership.

11 U.S.C. § 101(8) (emphasis added).

The inclusion of the term trust in the definition of entity in Section 101(14) and its inclusion only when qualified as a business trust in the definition of corporation in Section 101(8) leads to the conclusion that it was the intention of Congress to eliminate from the protection of the Code mere devices which simply hold title to property, but include in its coverage, enterprises performing some functions of a business. *See In re North Shore National Bank of Chicago, Land Trust No. 362,* 17 B.R. 867, 869–70 (Bkrtcy.N.Ill.1982). Business trusts are eli-

gible as debtors because Congress recognized the similarity between business trusts and corporations. *In re Old Second Nat. Bank of Aurora,* 7 B.R. at 37, 38, 6 B.C.D. 1135, 1136 (Bkrtcy.N.Ill.1980).

Further, Congress has made it possible for a more diverse assortment of trusts to qualify as debtors. Under the Bankruptcy Act of 1898 ("Act") Section 1(8), the term corporation was defined in essentially the same terms as Section 101(8) of the Code, with one notable exception. The term used in the Code, "business trust" replaces the following language used in the Act, ". . . any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument." Section 1(8) of Act. At least one court has noted that, "[i]n eliminating the requirement of written instruments, Congress has presumably made it possible for a broader variety of trusts to obtain relief in the bankruptcy courts." *In re Treasure Island Land Trust,* 2 B.R. 332, 334, 5 B.C.D. 1246 (Bkrtcy.M.Fla.1980) (an Act case which addressed the issue of trust eligibility under the Code); *see also* 2 *Collier on Bankruptcy,* ¶ 101.08 at 101–19 (15th ed.).

To be eligible as a debtor, the present debtor must be found to be a business trust under the Code. Therefore, it must be determined if this trust is engaged in business activities sufficient to qualify it as a debtor.

Neither the Code nor the legislative history define the term business trust. Consequently, this Court looks beyond the Code for guidance.

### B. Internal Revenue Code Approach

Certain trusts, as indicated above, were eligible to be debtors under the Act. The approach used under the Act in determining whether a given trust could avail itself of the bankruptcy laws was similar to that of the federal income tax provisions. *See* 1

---

1. Entity is the most inclusive of the Code's various terms used to define bodies or units. H.R.Rept. No. 95–595, 95th Cong., 1st Sess. 311 (1977); S.Rept. No. 95–989, 95th Cong., 2d Sess. 24 (1978). It is used throughout the Code when the given section is intended to have the broadest and most far-reaching effect. *See, e.g.,* 11 U.S.C. § 362(a) (the automatic stay applies to all entities).

*Remington on Bankruptcy,* § 92 (1950). Therefore, this Court finds guidance in determining whether a liquidating trust may be a debtor from the body of law which has developed under the Internal Revenue Code ("Revenue Code").

The Revenue Code recognizes a distinction between corporations and trusts. 26 U.S.C. § 7701. This distinction manifests itself in the manner in which the enterprise is taxed. Included within the Revenue Code's definition of corporation, is the term "association." 26 U.S.C. § 7701(a)(3). Embodied within the term association, is business or Massachusetts trust. *See Morrissey v. Commissioner of Internal Revenue,* 296 U.S. 344, 356, 56 S.Ct. 289, 294, 80 L.Ed. 263 (1935); *United States v. Trust No. B.I.35, Bank of America Nat. Trust and Savings Ass'n,* 107 F.2d 22, 23 (9th Cir.1939); *Bank of America Nat. Trust and Savings Ass'n v. U.S.,* 552 F.2d 876, 877 (9th Cir.1977).

The Supreme Court has delineated the salient features which, if present, will qualify a trust as a business trust for tax purposes. They are:

(1) business purpose;

(2) title to property held by trustees;

(3) centralized management;

(4) continuity of existence;

(5) transferability of interests; and

(6) limited liability.

*Morrissey v. Commissioner of Internal Revenue, supra,* 296 U.S. at 359, 56 S.Ct. at 296. *See also Rohman v. United States,* 275 F.2d 120, 123–24 (9th Cir.1960).

An examination of the tax cases interpreting what a business trust is reveals that a liquidating and a business trust are mutually exclusive of one another. *See Jackson v. United States,* 110 F.2d 574 (9th Cir. 1940). A trust does not engage in business if its sole or principal objective is the liquidation of a trust or estate. Treas.Reg. § 301.7701–4 (1982); *Porter v. Commission-*

*er of Internal Revenue Code,* 130 F.2d 276, 280 (9th Cir.1942); *Commissioner of Internal Revenue v. City Nat. Bank and Trust,* 142 F.2d 771 (10th Cir.1944). If it is determined that a trust is a liquidating trust, then such a trust is treated as a simple trust—not a business trust—for purposes of the Revenue Code.

### C. California Law

Under California tax law, business trusts are also recognized and taxed as corporations. Cal.Rev. and Taxation Code § 23038. Business trusts are defined in the California Revenue and Taxation Code to include

every business organization consisting essentially of an arrangement whereby property is conveyed to one, or more than one, trustee for purposes other than the mere conservation of assets, collecting and disbursing of fixed or periodic income, or the securing of an obligation.

Cal.Rev. and Taxation Code § 23038(b).

While the California case law dealing with business trusts has closely paralleled the federal tax law cases, there is one notable exception.[2] The focus in California is also on whether the trust was authorized to, or was actually doing business, *Koenig v. Johnson, supra,* 71 Cal.App.2d at 750, 163 P.2d 746, but liquidating a corporation is considered doing business in California. *Hise v. McColgan,* 24 Cal.2d 147, 148 P.2d 616 (1944); *In re Supergrate Open Steel Flooring Co.,* 1 B.R. 660 (Bkrtcy.C.Cal.1979); *see also* Cal.Rev. and Taxation Code § 23101. Therefore, since the debtor is engaged in the liquidation of a corporation, it would be considered doing business for California tax purposes.

The business/nonbusiness trust distinction has impact in California beyond the area of taxation. It may determine the personal liability of the individuals involved,[3] *see Engineering Service Corp. v.*

**2.** The federal distinction between business trusts and traditional trusts was embraced in *Koenig v. Johnson,* 71 Cal.App.2d 739, 163 P.2d 746 (1945). In *Koenig v. Johnson,* the Supreme Court decision of *Morrissey v. Commissioner, supra,* and its progeny were relied upon in

determining if the subject trust should be taxed as a corporation.

**3.** The liability of the creators in a traditional trust is quite different from that of those in a business trust. In the former, they are exempt

*Longridge Investment Co.,* 153 Cal.App.2d 404, 409, 314 P.2d 563 (1957); *Bariffi v. Longridge Development Co.,* 156 Cal.App.2d 583, 591, 320 P.2d 192 (1958), or whether the trust must comply with the fictitious name statutes, *see Kadota Fig Ass'n v. Case-Swayne Co., supra,* 73 Cal.App.2d 796, 167 P.2d 518. These cases applied a "control" test. Simply put, the control test focuses on the amount of authority vested in the trustee. If the trustee has the exclusive authority to manage the business, free from control of the beneficiaries, it is treated as a trust; if, however, the beneficiaries have true mastery of affairs, it is treated as a business trust.[4]

Under this test, it is clear that the trustee's control in the instant trust is far too limited, and the beneficiaries' involvement far too great to leave any doubt that it is a business trust. The debtor is the successor of a valid California corporation. It was formed to perform the final act of a corporation, the winding up of affairs. It operates in the same manner as a dissolving corporation and is so limited.[5] It is, in effect, the alter ego of the predecessor corporation. It was by voluntary consent of all the shareholders of the predecessor corporation that the liquidating trust was formed. It is these same shareholders who could, should they desire, reconvey the property to the predecessor corporation and dissolve the trust. It is the moving creditors' position that this action could be taken, in which case the predecessor corporation could, without a doubt, be a proper debtor. It is argued that the ease with which such action can be taken illustrates

that it would be form over substance to deny access to the Code to this debtor. Although no weight is given to this argument, it does serve to exhibit the degree of control still vested in the shareholders. This is not a trust which simply holds title to property, it is doing business as defined in California.

Consequently, there are two persuasive authorities, each pulling in opposite directions. Federal tax law expressly precludes a liquidating trust from being taxed as a business trust. Contrary to this, California case law holds that a tax payer is engaged in business even if its sole activity is liquidation. And, a trust is a business trust if the trustee lacks sufficient control.

### D. Bankruptcy Code

The cases dealing with this issue under the bankruptcy laws have focused on whether the trust was created for the purpose of carrying on some kind of business or activity for profit.[6] *See In re Treasure Island Land Trust, supra,* 2 B.R. at 334, 5 B.C.D. at 1247; *In re Old Second Nat. Bank of Aurora, supra,* 7 B.R. at 38, 6 B.C.D. at 1136; *In re Dreske Greenway Trust,* 14 B.R. 618, 622 (Bkrtcy.E.Wis.1981); *In re North Shore National Bank of Chicago, Land Trust No. 362, supra,* 17 B.R. 867. To determine if the trust was a business trust, the courts examined the nature of the activities taking place, and each case ultimately turned on its own facts. Therefore, though useful for guidance, no case is directly applicable to the present situation since none dealt with a liquidating trust.

---

from direct personal liability to creditors; in the latter, the creators are liable as partners. *See Goldwater v. Oltman,* 210 Cal. 408, 418, 292 P. 624 (1930); *Kadota Fig Ass'n v. Case-Swayne Co.,* 73 Cal.App.2d 796, 801, 167 P.2d 518 (1946).

**4.** The control test has also been used under the Act. *See In re Associated Trust,* 222 Fed. 1012 (D.Mass.1914).

**5.** A dissolved corporation is recognized as a proper debtor under the Code. *See In the Matter of Luftek, Inc.,* 6 B.R. 539, 6 B.C.D. 1083 (Bkrtcy.E.N.Y.1980); *In re Heark Corp.,* 18 B.R. 557 (Bkrtcy.Md.1982); *In re Liberal Mack*

*Sales, Inc.,* 24 B.R. 707, 9 B.C.D. 1119, 1122 (Bkrtcy.Kan.1982).

**6.** Under the Act, in addition to the requirement that the beneficial interest or ownership be evidenced by a written instrument, the trust must have had some business or commercial purpose and conducted its affairs after the pattern of corporations. *See Pope and Cottle Co. v. Fairbanks Realty Trust,* 124 F.2d 132 (1st Cir.1941); *In re Associated Cemetery Management, Inc.,* 170 F.Supp. 298 (W.D.Mo.1958), *aff'd,* 268 F.2d 97 (8th Cir.1959); *In re Bloom,* 10 F.Supp. 806 (N.D.Ill.1935).

■ As has been seen, under California tax law, this debtor would be engaged in business.[7] Further, under the control test, this debtor would be found to be controlled by the beneficiaries to such an extent that it would be a business trust. Cognizant of this, and bearing in mind the above discussion, it is the position of this Court that, for Bankruptcy Code purposes, this debtor is a business trust. This is not incompatible with the Revenue Code position which would not recognize the debtor as a business trust. This is so since the areas of corporate taxation and bankruptcy do not share the same objectives and policies.[8]

Extending the protections of the bankruptcy laws to this debtor is consistent with the remedial nature of such laws, deserving of liberal application.[9] It furthers the congressional intent behind the Code, which is to afford its protections to any association having the power or privilege of a corporation. H.R.Rept. No. 95–595, 95th Cong., 1st Sess. 309 (1977); S.Rept. 95–989, 95th Cong., 2d Sess. 22 (1978). And it is in harmony with the liberalizing of the Code, which, as mentioned above, now allows for a broader variety of trusts to obtain relief.

This holding is undisturbed by the cases cited by the moving creditors since those decisions contain facts which differ substantially from those at hand. In *In re Treasure Island Land Trust, supra,* 2 B.R. 332, 5 B.C.D. 1246, and *In re Cohen,* 4 B.R. 201, 6 B.C.D. 358 (Bkrtcy.S.Fla.1980), the subject trusts were trusts commonly known as simple land trusts. In both cases, the trust instrument itself rejected any construction of it as a business trust. *In re Cahill,* 15 B.R. 639 (Bkrtcy.E.Pa.1981), involved a pension plan in which the trust merely held the income of property for the benefit of the beneficiaries of the pension plan. As has been seen, the debtor in the present case is not such a simple trust. It is performing the final business of its predecessor corporation.

■ As an alternative theory urged by the moving creditors in support of the motion to dismiss, it is argued that, since it is in fact the trustee and not the trust that holds title to the property, the petition should be dismissed. This argument, however, overlooks the fact that business trusts are eligible as debtors under the Code. 11 U.S.C. § 101(8)(A)(v). In business trusts, as in all valid trusts, legal title to the prop-

7. It should be noted that doing business for profit does not require an actual increase in an enterprise's assets. As stated in *Hise v. McColgan, supra:*

> While no profit may have been made as that term is usually understood, such factor is not controlling in the definition of the term "doing business"; rather the criterion is whether or not the goal or aim is financial or pecuniary gain. [Citation]. It should be clear that the commissioner in liquidating Marine was endeavoring to get the best price obtainable for its assets and to conduct its affairs in liquidation to the end that the most financial gain would be realized for its creditors and stockholders. The aim was pecuniary gain. It is true that no new deposits were accepted by plaintiff commissioner for Marine and that that is ordinarily the chief activity of a building and loan association, as a going concern, yet the transactions were of the nature typified as doing business.

24 Cal.2d at 150, 148 P.2d 616.

8. The policy supporting the Revenue Code distinction between business trust and liquidating trust is stated as follows: enterprises carrying on a profit-making business, but which are

technically cast in the trust form and enjoy the privileges of a corporation should bear their share of the tax burden along with corporations. Treas.Reg. § 301.7701–4 (1982).

9. *See In the Matter of Maidman,* 2 B.R. 569, 5 B.C.D. 1334 (Bkrtcy.S.N.Y.1980), an Act case, in which it was stated that:

> [I]n the absence of either a specific prohibition by the terms of the Act or a competing forum which is uniquely empowered to distribute the assets of the estate, entrance to this Court, for relief, may not be barred to a petitioner who can, as here, legally benefit from the Act's provisions [citation]. Thus, and quite consonant with this approach, the courts have indeed extended relief in the bankruptcy court to diverse and non-descript entities for which no specific enumerated provision therefor has been provided in the Act [citation].

*Id.* at 575, 5 B.C.D. at 1335.

The court went on to hold that the debtor, a trustee under a land trust agreement, was a person who could file a Chapter XII petition under the Act.

erty of the estate is vested in the trustee, subject only to the execution of the trust. Cal.Civ.Code § 836; *Crystal Pier v. Schneider,* 40 Cal.App. 379, 381, 180 P. 948 (1919); *Reagh v. Kelley,* 10 Cal.App.3d 1082, 1097, 89 Cal.Rptr. 425 (1970); *see also Morrissey v. Commissioner of Internal Revenue, supra,* 296 U.S. at 359, 56 S.Ct. at 296. Since Congress has seen fit to afford business trusts the protections of the Code, this argument is without merit.

█ Lastly, the moving creditors argue that they negotiated in good faith with the predecessor corporation in an effort to avoid bankruptcy proceedings, and this Court should dismiss the petition pursuant to the agreement entered in August 1980. This Court recognizes that the avoidance of bankruptcy proceedings is a laudable objective and should be encouraged whenever possible, but must, nevertheless reject this argument as well. It is a well settled principal that an advance agreement to waive the benefits conferred by the bankruptcy laws is wholly void as against public policy.[10] *See In re Kriger,* 2 B.R. 19, 23, 5 B.C.D. 1380, 1382 (Bkrtcy.Or.1979); *In re George,* 15 B.R. 247, 248 (Bkrtcy.N.Ohio 1981); *see also Fallick v. Kehr,* 369 F.2d 899, 904 (2d Cir.1966); *In re Weitzen,* 3 F.Supp. 698 (S.D.N.Y.1933).

### III

### CONCLUSION

1. The Code sections defining who may be a debtor are sufficiently broad to include a trust performing the actions of the debtor.

2. The fact that the legal title to the property is vested in the trustee and not the trust is of no consequence.

3. The prepetition agreement entered into by the debtor precluding resort to the protections of the Code is void in so far as it prohibits such action by the debtor.

---

10. Though not before the Court in this motion, it should be noted that the circumstances of this case may warrant this Court's abstention under 11 U.S.C. § 305. While this Court has jurisdiction over a particular matter, it may in appropriate cases, in the interest of justice, exercise its discretion to decline such jurisdic-

This opinion will constitute findings of fact and conclusions of law as required by Bankruptcy Rule 752. The attorney for the debtor shall prepare and submit a proposed order within ten days of the filing of this opinion.

tion. *See In re Co Petro Marketing Group, Inc.,* 6 B.R. 119, 127, 6 B.C.D. 904, 908 (Bkrtcy. C.Cal.1980); *International House of Pancakes v. American Druggists' Insurance Co.,* 22 B.R. 926 (Bkrtcy.N.Ill.1982); *In re Artists' Outlet,* 25 B.R. 231, 9 B.C.D. 1201 (Bkrtcy.Mass.1982).