In re **TALLADEGA STEAKS, INC.,** Debtor.

Bankruptcy No. 84–06161.

United States Bankruptcy Court, N.D. Alabama.

Jan. 29, 1985.

Richard P. Cormody, Birmingham, Ala., for movants Dewey and Yvonne Yarbrough.

Harry P. Long, Anniston, Ala., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

By order of the Court entered January 3, 1985, the above-styled case [1] was dismissed out of court, and pursuant to said order the Court enters the following findings of fact and conclusions of law.

*Findings of Fact—*

The parties stipulated to the following facts, and the Court finds the facts as follows:

1. The debtor was incorporated on April 27, 1978, and movants, Dewey and Yvonne Yarbrough, were issued 99 shares out of the total of 100 shares then issued. A total of 1,000 shares was authorized. On June 29, 1979, an additional 600 shares of stock were duly issued to the movants.

2. On or about September 13, 1983, the movants reached an agreement with Allan and Ruth Friedl, pursuant to which the Friedls assumed management of debtor's sole business, a "Bonanza" restaurant located in Talladega, Alabama. This employment included controlling the restaurant's revenue and bank accounts.

This agreement was attached to the Yarbroughs' motion to dismiss as Exhibit "A".

3. On or about April 2, 1984, the movants entered into an agreement with the Friedls, attached to the Yarbroughs' motion to dismiss as Exhibit "B", by which the Yarbroughs agreed to sell to the Friedls all of the outstanding capital stock of the debtor for the sum of $430,000, payable in cash and real property $25,000 and the balance in deferred cash payments. The effect of this agreement upon the title to the shares of stock is disputed by the parties, and this dispute is presently being litigated in the Circuit Court of Talladega County, Alabama.

4. On November 9, 1984, the Friedls purportedly held a meeting of the Board of Directors of the debtor corporation wherein they declared that they were the officers and directors of the debtor and authorized the filing of the instant petition.

5. A petition for relief was filed on behalf of the debtor by Allan G. Friedl on November 15, 1984.

The Court further finds that all debts of the debtor were current and that none of the debts of the debtor was delinquent, at the time of the filing of the petition herein.

*Conclusions of Law—*

The facts presented to the Court by the motion to dismiss the case demand that the case be dismissed. Although chapter 11 does not by its literal terms require that a petition be filed in "good faith",[2] the courts have implied such a provision to prevent abuse of the bankruptcy laws and to protect jurisdictional integrity. Courts have found that, if a chapter 11 petition is not filed in good faith, grounds exist either to vacate the automatic stay or dismiss the petition.[3]

1. This case was commenced by a voluntary petition filed under 11 United States Code, chapter 11, on November 15, 1984, and remained pending under said chapter.

2. No plan of reorganization may be confirmed by the Court, however, unless "proposed in good faith." 11 U.S.C. § 1129(a)(3).

3. *Furness v. Lilienfield,* 35 B.R. 1006 (D.C.D.Md. 1983); *In re Lotus Investments, Inc.,* 16 B.R. 592, B.L.D. ¶ 68,576 (B.C.S.D.Fla.1981).

**44**

The policy and purpose behind chapter 11 proceedings is to give business debtors a respite from impending litigation, a "breathing spell." H.Rep. No. 95–595, 95th Cong. 1st Sess. 340 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 54 (1978), U.S. Code Cong. & Admin.News 5787, 5840, 6296. It serves as a remedy for relief from financial distress by permitting the rehabilitation of an ongoing business. B. Weintraub & A. Resnick, *Bankruptcy Law Manual* ¶ 807, p. 8–15. *In re First Dade Corporation,* 17 B.R. 887 (B.C.M.D.Fla. 1982). Though a debtor need not be insolvent to seek voluntary relief under the Code, it is recognized that the provisions of chapter 11 should be used only for the purposes of reorganizing a business. *In re First Dade Corporation,* supra; *Matter of Century City, Inc.,* 8 B.R. 25 (B.C.D.N.J. 1980).

The Friedls, on behalf of the debtor, presented no evidence that financial difficulties had precipitated the filing of the petition and indeed testified that the debtor's debts and other financial obligations were substantially current. The Court concludes that the motivating purpose of the Friedls' filing of the petition on behalf of the debtor was other than to seek the reorganization of a financially-distressed business. The interests of creditors and the debtor will be best served by abstention by the Court and dismissal of the case, as provided for in 11 United States Code § 305(a)(1).

The Court will leave the matter of interpretation of the agreement referred to in Finding No. 3, above, to the judgment of the Circuit Court of Talladega County, Alabama, where the Court believes it belongs. Finally, in view of the Court's ruling on the Yarbroughs' motion, the Court declines to consider the movants' allegations of fraud.

In conformity with the Court's Order of January 3, 1985, this constitutes the findings of fact and conclusions of law, and the processing of the closing of the above-styled case may now be completed.