**In re COOPER PROPERTIES LIQUIDATING TRUST, INC., Debtor in Chapter 11.**

**In re COOPER PROPERTIES, INC., Debtor in Chapter 11.**

**Bankruptcy Nos. 86–22473, 86–22474.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

June 4, 1986.

John H. Cocke, Clarksdale, Miss., for movants.

Jack F. Marlow, Memphis, Tenn., for debtors.

## MEMORANDUM OPINION AND ORDER

### RE: MOTION TO DISMISS OR FOR RELIEF FROM THE AUTOMATIC STAY

WILLIAM B. LEFFLER, Bankruptcy Judge.

This cause is before the Court on the motion of David Broyles and John Ball (Movants) who seek dismissal of the Chapter 11 Petitions, relief from the automatic stay as to their claims, or appointment of a trustee. The gist of the complaint is threefold: one, should the Court dismiss these two petitions pursuant to 11 U.S.C. § 305, are these entities proper debtors within the meaning of the Bankruptcy Code and three, are their petitions filed in good faith? The following constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

The Debtors in this cause are two separate entities whose cases have been consolidated for ease of administration. They filed their petitions on April 29, 1986 and seek to institute liquidating Chapter 11 plans as authorized by 11 U.S.C. § 1123(b)(4). Both entities are the products of the sale by Overton Square, Inc. of its assets in December of 1985 and January of 1986 for an approximate $6,500,000.00. It is the Court's understanding that among the assets sold by Overton Square, Inc. was its name and the rights thereto. Consequently, for purposes of receipt and distribution of its sale proceeds to creditors and shareholders of the original Overton Square, Inc., its name was changed to Cooper Properties, Inc.

Enter the Internal Revenue Service and I.R.C. § 337 (26 U.S.C. § 337) which provides:

(a) If, within the 12 month period beginning on the date on which a corporation adopts a plan of complete liquidation, all of the assets of the corporation are distributed in *complete liquidation*, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within the 12 month period.

The testimony at the hearing reflected that the shareholders of Cooper Properties, Inc., fdba Overton Square, Inc. elected in or around March of 1985 to adopt a plan of complete liquidation and began negotiations toward that end. Moreover, they desired to have the corporation recognize no gain, for tax purposes, from the liquidation. Therefore, on February 1, 1986 when disputed claims, such as the one by the Movants here, along with unliquidated

claims, such as those by the Tennessee Department of Revenue, were pending and it was undetermined as to whether the corporation's assets would exceed those necessary to "meet claims," it transferred those assets to a trust pursuant to Rev. Rul. 72-137, CB-1972-1 p. 101. That particular revenue ruling essentially provides that where a corporation has both contingent and fixed claims, it may distribute its assets to a trust for the benefit of its shareholders and, if done within the § 337(a) 12 month period, may retain the benefit of that code section.

The trust created is that of Cooper Properties, Inc. Liquidating Trust. William T. Maxwell, Jr., Esq. was appointed trustee.

Meanwhile, on December 17, 1985, in the Circuit Court of Shelby County, Tennessee, the Movants here obtained judgments against Overton Square, Inc. The judgments were based upon the jury's findings that Overton Square, Inc. had breached employment and shadow-stock agreements with the Movants and had wrongfully converted their property. The judgments included compensatory and punitive damages in the amount of $240,549.74. An order on the judgments was entered by the Circuit Court on January 10, 1986 (Tr.Ex. 14). By subsequent remittitur on February 13, 1986, the punitive damages for conversion of the Movants' property, to wit: vehicles, were reduced from $50,000.00 per Movant to $25,000.00. The final judgment thus totals $190,549.74 (Tr.Ex. 12).

The Debtor, Cooper Properties, Inc. fdba Overton Square, Inc., appealed the Circuit Court judgment and sought a stay of execution proceedings without the requirement of a bond on March 12, 1986 (Tr.Ex. 6). The stay, absent the posting of a bond, was denied on March 31, 1986 and the Circuit Court ordered the Debtor to post a cash bond of $100,000.00 and a first deed of trust in real property located on Mendenhall Road, Memphis, Tennessee, in the amount of $125,000.00 (Tr.Ex. 7). Of course by this time, as discussed above, the Debtor, Cooper Properties, Inc., no longer possessed the assets necessary for such a bond but had transferred same to Cooper Properties, Inc. Liquidating Trust. Consequently, a notice of garnishment was served upon the trustee and preparations for a sheriff's sale of the real property commenced. The trustee, Mr. Maxwell, sought an injunction against garnishment of the trust assets on the basis that if allowed in the amount sought, the trust might be unable to satisfy its Tennessee tax liabilities, among others, and he could be held personally responsible. (Tr.Ex. 15). This motion was apparently denied.

In the interim, because they believed distributions of the trust corpus had been made, the Movants sought and obtained a temporary restraining order against the trustee which prohibited further distributions. (Tr.Ex. 11). The restraining order was dissolved and no injunction issued as to trust assets not necessary to satisfy the Movants' judgment. At the same time the injunction was sought, a contempt citation was pursued against the trustee, Cooper Properties, Inc., and its principals, James Robins and David Halle. The contempt motion was denied as no formal written order prohibiting such distribution had been issued (Tr.Ex. 10).

At the hearing before this Court, the trustee testified that the net amount received by Cooper Properties, Inc. from the sale of the Overton Square assets was approximately $948,148.56. (See also Tr.Ex. 1). At the time the trust was established, February 1, 1986, it received cash in the amount of $320,000.00 and real estate appraised at $256,000.00. It presently consists of approximately $145,000.00 cash, two promissory notes valued at $19,750.00, the above real estate, and a percentage of rents due valued at approximately $13,000.00. The Court understands the difference [1] in the cash amounts to be attributable to the cancellation by the trust, on behalf of its grantor, of contracts with IBM and the Memphis Area Transit Authority

---

1. This is the "difference" between Feb. 1 and now. No explanation was offered for the "difference" between receipt of the proceeds and Feb. 1.

for approximately $70,000.00, fees paid to the accountant of approximately $15,-000.00, and a payment made in settlement of a lawsuit of approximately $61,575.00. It further appears that there are currently $17,959.71 in undisputed claims against the trust along with a $62,500.00 Tennessee tax claim. Moreover, there are pending, disputed claims and unliquidated, potential taxes which the trustee estimated could be as much as $315,000.00.

As discussed above, the Movants hold a $190,549.74 judgment against the Debtors that, although on appeal, may be executed upon due to the Debtors' failure to post bond. It is the Movants' position that these Chapter 11's were filed solely to delay execution of their judgment. It is the Debtor's position, as espoused by the trustee for the Liquidating Trust, that there are outstanding liquidated and unliquidated claims against the trust and its grantor which would be unpayable were the Movants allowed to execute.

Section 305 of the Bankruptcy Code provides in pertinent part:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at anytime if—

(1) The interests of creditors and the debtor would be better served by such dismissal or suspension.

■ As discussed at 2 *Collier on Bankr.*, 15th ed. ¶ 305.02, the legislative history of this section makes clear that abstention of jurisdiction by dismissal or suspension of proceedings under this section should be exercised only where both the debtor and its creditors would be better served by such. An example of such a situation is where the creditors and debtor are working out an out-of-court arrangement and there would be no prejudice to the rights of creditors by such an arrangement. Id. Furthermore, because subsection (c) of this section makes a decision to dismiss under this section non-reviewable (cp. 11 U.S.C. § 1112(b)), it is used cautiously and only when the Court is satisfied that all parties would be best served by such a dismissal. See, e.g. *In the Matter of Luftek, Inc.*, 6 B.R. 539, 548, 2 C.B.C.2d 1351 (Bankr.E.D.N.Y.1980); *In re RAI Marketing Services, Inc.* 20 B.R. 943, 945, 6 C.B. C.2d 995 (Bankr.D.Kan.1982).

■ In the present case, the evidence reflects that there are numerous claims outstanding against these Debtors, some of which would possibly go unsatisfied were the Chapter 11 Petitions dismissed pursuant to section 305 and the Movants allowed to proceed with execution. In addition, there are only these creditors objecting to the petitions. Therefore, it does not appear that these cases are appropriate for dismissal pursuant to 11 U.S.C. § 305(a).

■ Section 109 of the Bankruptcy Code entitled "who may be a debtor" provides in pertinent part:

(a) Notwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

(b) A person may be a debtor under this title only if such person is not—

(1) a railroad;

(2) a domestic insurance company, bank, savings bank, ... credit union, ...; or

(3) a foreign insurance company, ...

(d) Only a person that may be a debtor under chapter 7 of this title, ... may be a debtor under chapter 11 of this title.

"Person" is defined at 11 U.S.C. § 101(33) to include "[an] individual, partnership, and corporation, but does not include [a] governmental unit." A "corporation" is defined at 11 U.S.C. § 101(8) as including:

(A)(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses; ...

(iii) joint-stock company;

(iv) unincorporated company or association, or

(v) business trust; ....

There is no question but that the Debtor, Cooper Properties, Inc., meets the definitions of a corporation set forth above in that it is not a railroad, insurance company, etc. but possesses the "powers and privileges of a private corporation." Therefore, the issue becomes whether Cooper Properties, Inc. Liquidating Trust is a "corporation" as defined above and thus entitled to file a Chapter 11 Petition pursuant to section 109(d).

Included in the Code definition of corporation is "business trust," "Business trust" is not defined by the Bankruptcy Code, however recent case law indicates that each situation should be examined individually and a determination made that the trust is conducting business of some kind in order to qualify as debtor. *In re Gonic Realty Trust* 50 B.R. 710, 713 (Bankr.D.N.H.1985). See also *In re Tru Block Concrete Products, Inc., Liquidating Trust* 27 B.R. 486, 490 (Bankr.S.D.Cal.1983), *In re Mosby* 46 B.R. 175, 177 (Bankr.E.D.Mo.1985), *In re Treasure Island Land Trust* 2 B.R. 332, 334 (Bankr.M.D.Fla.1980). Of the cases examined by this Court, the *Tru Block* case, supra, was most applicable to the facts at bar as it dealt with a liquidating trust. In that case, as here, the trust was established as a successor to its grantor, the corporation, for the purpose of ascertaining and paying claims against the corporation and essentially "winding up of affairs" of the corporation. Id., 490. That Court compared the *Tru Block* trust to a "dissolving corporation" (which is a proper debtor under the Code) and found the two to be so similar that in fact the shareholders who had elected formation of the trust could reverse that election and thus be possessed with a "proper debtor," i.e. a dissolving corporation. Id. Choosing substance over form, the *Tru Block* court found the trust to be a proper debtor. Id. 490, 492.

In the case at bar, the trustee is authorized, inter alia, to sell or rent the real property, to collect rents and accounts receivable and to ascertain claimants and debts of the trust and to pay same. In essence, the trust is carrying on the winding up of affairs of its grantor corporation and may be said to be for all practical purposes an association with the powers and privileges of a private corporation. 11 U.S.C. § 101(8) and *In re Tru Block*, supra, 491.

Given these circumstances, the Court concludes that Cooper Properties, Inc. Liquidating Trust is a proper debtor within the meaning of Title 11.

■ "The policy and purpose behind Chapter 11 proceedings is to give debtors respite from impending litigation, a 'breathing spell.'" *In re Talladega Steaks, Inc.,* 50 B.R. 42, 44 (Bankr.N.D.Ala.1985) citing H.Rep. No. 95–595, 95th Cong.1st Sess. 340 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 54 (1978), U.S.Code Cong. & Admin. News 5787, 5840, 6296. However, debtors seeking the protection of the bankruptcy court must have real debt, real creditors, and a legitimate purpose; the code must not be used merely to harass creditors. *In re American Property Corp.* 44 B.R. 180, 182 (Bankr.M.D.Fla.1984). While there is no explicit requirement of dismissal of a Chapter 11 petition for lack of good faith, a petition may be dismissed "for cause" and case law indicates that an implicit "cause" may be lack of good faith. 11 U.S.C. § 1112(b) and see, for example, *In the Matter of Winn* 43 B.R. 25, 28 (Bankr.M.D.Fla. 1984), *In the Matter of Winshall Settlor's Trust,* 758 F.2d 1136, 1136 (6th Ct.1985).

■ It appears that no single factor is determinative of the issue of good faith, but, rather that the courts must examine the facts and circumstances of each case in light of several established guidelines. *In the Matter of Port Richey Service Co., Inc.,* 44 B.R. 634, 635 (Bankr.M.D.Fla. 1984.) See also, *In re Winshall Settlor's Trust,* supra, *In re American Property Corp.,* supra, *In re Talladega Steaks, Inc.,* supra.

■ These guidelines include the following: Whether the debtor names any unsecured creditors or whether its reorganization effort is essentially a two party dispute aimed at frustrating one creditor;

whether the debtor has any assets to protect, whether the debtor has an ongoing business to reorganize, and whether there is a reasonable probability of a plan being proposed and confirmed. *In re American Property Corp.*, supra, 1982, *In re Winshall Settlor's Trust*, supra, 1137. Furthermore, the *Winshall* court looked for the ability or inability to effectuate a plan pursuant to 11 U.S.C. § 1123(a)(5) "which necessarily requires some means by which the debtor may repay its debts." Id, 1137. Findings of "bad faith" have resulted where investigation of the above factors has revealed negative answers. There have also been findings of bad faith where Chapter 11 filings have been made in lieu of posting bonds and immediately prior to execution of judgments. See, e.g. *In re Silver* 46 B.R. 772, 773 (D.Ct.D.Colo.1985), *In the Matter of Port Richey Service Co., Inc.*, supra.

With reference to the above principles, in the instant proceedings we have two separate entities, the essentially defunct corporation and its successor, the liquidating trust. From the facts presented, the corporation appears to possess no assets, and have no creditors nor an ongoing business in need of rehabilitation as the assets and obligations have been transferred to the liquidating trust. It is equally apparent that the trust has several unsecured creditors, assets, the "ongoing business" of winding up the corporation's affairs, and the professed ability to propose and effectuate a Chapter 11 plan for the benefit of all creditors, albeit a liquidating plan.

In addition, however, we have Chapter 11 filings by both entities immediately prior to execution of the judgments held by the Movants and seemingly in lieu of a supersedeas bond.

 What constitutes "cause," including bad faith, for the dismissal of a Chapter 11 petition is a matter of judicial discretion under the circumstances of each case. See, e.g. *In re Hoff* 54 B.R. 746, 754 (Bankr.D.N.D.1985) and 11 U.S.C. § 1112(b). Moreover, the Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws. *In re Professional Sales Corp.* 48 B.R. 651, 658 (Bankr.N.D. Ill.1985) and 11 U.S.C. § 105. One of the primary purposes of Chapter 11 of the bankruptcy laws is the provision of time for debtors to implement plans of payment to creditors without the burden of impending litigation. See, e.g. *In re Talladega Steaks, Inc.*, supra.

In the case at bar, the trustee of the Cooper trust explained that the trust's failure to post bond and its Chapter 11 filing were based upon the trust instrument's (Tr.Ex. 5) prohibition against favoring certain creditors over others, the anticipated detriment to other creditors from posting of the bond and consummation of the sheriff's sale, and the trustee's potential personal liability to other creditors should the trust be unable to satisfy their claims as a result of the above actions. The corporation, having no assets, had no means of posting bond.

 As discussed above, the trust in these proceedings possesses the attributes necessary to preclude a dismissal of its petition. Although the Court is not unsympathetic to the plight of the Movants in attempting to enforce their judgment, it is bound to consider the interests of the other creditors of this trust and protect whatever equities the trust may have for their benefit. In making such considerations, it appears to this Court that to lift the stay or to dismiss the trust's Chapter 11 Petition and allow the Movants to proceed against its assets would be to the detriment of the other creditors. It further appears that appointment of a Chapter 11 Trustee would work to diminish the interests of all creditors, including the Movants, at this time. The same observations are not present regarding the corporation, however, as it does not appear to possess the requisites necessary for maintenance of a Chapter 11 case.

IT IS THEREFORE HEREBY ORDERED that:

1. For the reasons discussed above, the Motion to Dismiss the Chapter 11 Petition of Cooper Properties, Inc. Liquidating Trust is denied;

2. The Motion to Lift Stay as to Cooper Properties, Inc. Liquidating Trust by the Movants, John Ball and David Broyles, is likewise denied;

3. The Motion to Dismiss the Chapter 11 Petition of Cooper Properties, Inc. is granted;

4. The Motion for Appointment of a Chapter 11 Trustee in the matter of Cooper Properties, Inc. Liquidating Trust is denied on the condition that the Debtor comply with the Bankruptcy Code and keep this Court informed of its status with timely monthly reports.