In re ESTATE OF Charles WHITESIDE, deceased; By Juanita WHITESIDE, Executrix, dba C & J Builders; dba Y & W Development; dba M & W Construction, Debtor.

Bankruptcy No. 986–00392–11.

United States Bankruptcy Court,
E.D. California.

June 6, 1986.

Brett Nesin, Richard Calone, Calone, Roster, Shore & Gilford, Stockton, Cal., for debtor.

Robert L. Litchfield, Jr., Diepenbrock, Wulff, Plant & Hannegan, Sacramento, Cal., for Platt Electric Supply, Inc.

James Baskett, Babitzke & Meleyco, Stockton, Cal., for Union Safe Deposit Bank.

James T. Nuss, Cavalero, Bray, Geiger & Rudquist, Stockton, Cal., for Stockton Savings & Loan.

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

J.W. HEDRICK, Jr., Bankruptcy Judge.

A motion to dismiss on the grounds that the debtor is not eligible to be a debtor has been filed. The threshold question is whether an estate of a deceased individual can be a debtor under Chapter 7 or Chapter 11 of the Bankruptcy Code. For the reasons stated herein, we hold that an estate cannot be a debtor under Chapter 7 or Chapter 11. Accordingly, the motion to dismiss is granted.

The relevant facts are as follows:[1]

A voluntary petition for relief under Chapter 11 of the Bankruptcy Code was filed by the debtor on February 21, 1986, and an Order for Relief under the Chapter was entered herein on the same date. The debtor is the Estate of Charles Whiteside, deceased, dba C & J Builders; dba Y & W Development; dba M & W Construction. The petition was filed by and through Juanita Whiteside, Executrix. It appears from the opposition to the motion that the deceased, Charles Whiteside, had been the sole owner of C & J Builders, a company engaged in the business of buying, developing, leasing, constructing and selling commercial real property.

The debtor asserts that the filing of the bankruptcy action was necessary to provide for sufficient time to wind down and liquidate the assets of C & J Builders. The moving creditor, Platt Electronics, contends that a probate estate is not eligible to be a debtor under Chapter 7 or Chapter 11 of the Code.

Section 109 establishes who may be a debtor under the Code. Subsection (d) provides that "Only a person that may be a debtor under Chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under Chapter 11 of this title." 11 U.S.C. § 109(d). Section 109(b) provides who may be a debtor under Chapter 7:

> (b) A person may be a debtor under chapter 7 of this title only if such person is not—
>
> (1) a railroad;
>
> (2) a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, credit union, or industrial bank or similar institution which is an insured bank as defined in section 3(h) of the Federal Deposit Insurance Act (12 U.S.C. 1813(h)); or
>
> (3) a foreign insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, or credit union, engaged in such business in the United States.

11 U.S.C. § 109(b).

The key element is, of course, the definition of "person." Section 101(33) provides that:

> (33) "person" includes individual, partnership, and corporation, but does not include governmental unit, Provided, However, that any governmental unit that acquires an asset from a person as a result of operation of a loan guarantee agreement, or as receiver or liquidating agent of a person, will be considered a person for purposes of section 1102 or this title;

11 U.S.C. 101(33).

The term "includes" indicates that the definition is intended to be construed broadly. However, that an estate is not meant to be included in the definition of person is demonstrated by examination of Section 101(14) which defines "entity" to include "person, estate, trust, and governmental unit." 11 U.S.C. 101(14). If estate had already been included in the definition of person, Congress would have seen no need to include it separately in its definition of entity. That this reading of the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedures.

Code is consistent with Congressional intent is made clear by examination of the legislative history:

"Person" is defined in paragraph ... [30]. [Ed. Note: Pub.L. No. 98–353 redesignated section 101(30) as section 101(33).] The definition is a change in wording, but not in substance, from the definition in section 1(23) of the Bankruptcy Act. The definition is also similar to the one contained in 1 U.S.C. § 1, but is repeated here for convenience and ease of reference. Person includes individual partnership, and corporation. The exclusion of governmental units is made explicit in order to avoid any confusion that may arise if, for example, a municipality is incorporated and thus is legally a corporation as well as governmental unit. The definition *does not include an estate* or a trust, which are included only in the definition of "entity" in proposed 11 U.S.C. § 101(14).

Herzog, Bankruptcy Code, Collier Pamphlet Edition (1986), citing House Report No. 95–595, 95th Cong., 1st Sess. 311–14 (1977); Senate Report No. 95–989, 95th Cong. 2d Sess. 24–26 (1978) [U.S.Code Cong. & Admin.News 1978, pp. 5787, 5809–5811, 6268–6271]. (Emphasis added).

That a probate estate could not be a debtor under the Act is very clear. *See In re Hiller Estate,* 240 F.Supp. 504 (N.D.Cal. 1965). That this restriction has been continued in the Code is supported by both the legislative history, *supra,* and case law. *See In re Estate of Joseph Brown,* 16 B.R. 128 (Bankr.D.C.1981) (a probate estate is not an individual person within the meaning of bankruptcy law and may not file for Chapter 7 relief); *In the Matter of Olin Edgar Jarrett,* 19 B.R. 413, 6 C.B.C. 496 (Bankr.M.D.N.C.1982) (the decedent's probate estate is not a "person" entitled to Chapter 7 relief, and, therefore, may not convert from Chapter 13 to Chapter 7).

Debtor mistakenly relies on *In re Tru Block Concrete Products, Inc.,* 27 B.R. 486, 10 B.C.D. 106 (Bankr.S.D.Cal.1983) (hereinafter *"Tru Block"*) to support its contention that a probate estate can be a debtor. *Tru Block* involved a liquidating trust as a debtor. The Court held that the liquidating trust fit within the definition of business trust. Business trusts are eligible to be debtors as they are included within the definition of corporation. 11 U.S.C. § 101(8). Corporations are included within the definition of person and thus are eligible to be debtors under Chapter 7 and Chapter 11. 11 U.S.C. § 101(33).

As the Code does not define business trust, the court in *Tru Block* looked first to the Internal Revenue Code and secondly to California law. The test established by Internal Revenue Code, which was rejected by the *Tru Block* court, does not consider a liquidating trust to be a business trust. Choosing instead to follow California law, the court found that because the debtor was engaged in the liquidation of a corporation, it would be considered doing business for California tax purposes, and thus could qualify as a business trust. *Tru Block* 27 B.R. 486, 10 B.C.D. at 108.

Using this rationale, the debtor argues that because it is also "doing business", it too qualifies as a business trust and thus is eligible to be a debtor. This argument ignores a fundamental distinction between the debtor in *Tru Block* and the debtor in the case at bench. In *Tru Block,* the debtor was the successor of a valid California *corporation* and it was engaged in the liquidation of a *corporation. Tru Block* 27 B.R. 486, 10 B.C.D. at 108. (Emphasis added).

In the case at bench, there is no prior California corporation. Rather, there is a probate estate. And in point of fact, the *Tru Block* court recognized that an estate did not qualify as a debtor under the Code:

The legislative history reveals that the omission of trusts from the definition of person was not unintentional. Congress recognized that Section 101(3) [now Section 101(33)], in defining person, *did not include an estate* or a trust which were included only in the definition of entity in Section 101(14). (footnote omitted). H.R.Rept. No. 95–595, 95th Cong., 1st Sess. 313 (1977); S.Rept. No. 95–989, 95th Cong., 2d Sess. 25 (1978).

*Tru Block* 27 B.R. 486, 10 B.C.D. at 107. (Emphasis added).

We conclude that the Code, its legislative history, and case law provide that a probate estate is not a "person" within the meaning of the Code, and thus is not eligible to be a debtor under the Code. The law of California provides statutory guidelines for the administration of probate estates and this law shall govern the collection and liquidation of assets. Accordingly, the motion to dismiss is granted. Counsel for movant, Platt Electronics, is directed to prepare a proposed judgement consistent with this decision.